### COOPER *v.* WESTON *et al.*

*(Supreme Court, General Term, First Department.　June 19, 1888.)*

TRUSTS—ACTION BY BENEFICIARY FOR TRUST PROPERTY—WHEN MAINTAINABLE.

　An action by a *cestui que trust* against his trustee, for misappropriation of securities bequeathed to the trustee for the care and maintenance of plaintiff until he should attain the age of 25, and then to him absolutely, joining others as defendants, who are alleged to have been before confederated with trustee in such misappropriation, but not at the institution of the suit, the complaint not alleging the refusal of the trustee to sue for the recovery of the securities, in which, on motion of plaintiff, a severance of defendants has been ordered, and plaintiff allowed to proceed to judgment against the trustee, should be dismissed, plaintiff not being able to maintain an action in such form until he attains the age of 25; but such dismissal should not be upon the merits, so as to preclude plaintiff's bringing such action after attaining the age of 25.

Appeal from special term, New York county; CHARLES DONOHUE, Justice.

Action by Frederic I. Cooper against George S. Weston and others to recover certain securities misappropriated by plaintiff's trustee, and sold to defendants. Judgment was for defendants, and plaintiff appeals.

Before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Redfield & Lydecker,* for appellant.　*William Allen Butler,* for respondents.

DANIELS, J. The plaintiff is the beneficiary, in a trust created by the will of his mother, in securities and personal property which were bequeathed to him as his own property in case of his arrival at the age of 25 years. In the mean time he was entitled to the net income for his support, maintenance, and education. His father was the trustee nominated in the will, and afterwards took charge of the trust-estate; and in support of the action it was alleged that he had misappropriated the greater part of the securities, of which the estate consisted, in speculative dealings with the defendants Weston and De Bielier. These dealings took place about 10 years previous to the commencement of the action, which was brought by the plaintiff after he had attained the age of 21 years, and before he was 25 years of age. He was therefore not for himself entitled to recover the securities or their value, which it was alleged had been misappropriated, as has been shown by the opinion of the presiding justice. What the law permitted him to do, and all that he could do in the way of legal proceedings, was to prosecute an action for the

vindication of the trust, and the recovery of the misappropriated securities, or their value, for the trustee himself, in case the latter refused to prosecute such action in his own name and on his own behalf. *Weetjen* v. *Vibbard*, 5 Hun, 265, 267; *Brinckerhoff* v. *Bostwick*, 88 N. Y. 52, 56; *Hawes* v. *Oakland*, 104 U. S. 450. But even that he was disabled from doing until he had requested the trustee to prosecute the action himself, and he refused so to do. *Railroad Co.* v. *Nolan*, 48 N. Y. 513. And that the trustee might have done, notwithstanding the fact that he was by his dealings a participant in the misappropriation of the securities by which the trust-estate had been depleted. *Wetmore* v. *Porter*, 92 N. Y. 77. Such an action also may be instituted by the beneficiary where the trustee at the time is confederated with others in misapplying and misusing the trust-estate. But in this case that complicity or confederation had ceased for about 10 years prior to the time when the suit was instituted, and the trustee was at liberty, and from the tenor of his testimony in the action it may be inferred would have been inclined, to commence and prosecute such an action, if he had been requested by the plaintiff so to do. In this respect the action was radically defective, under the equitable rules permitting a beneficiary to vindicate his own rights and interests where the trustee refuses to do that himself, or is in confederacy with others depleting and misappropriating the trust-estate.

This action was not brought under the theory of the law maintained by these authorities, but it was brought by the plaintiff to recover the securities or their value himself; and, as he had no title to them, his action was without legal or equitable support. He did join the trustee as a defendant in the action, and so far complied in its commencement with the equitable rules requiring that to be done in an action brought by the beneficiary for the protection of the trust. And if the action had been well founded, and in proper form, the trustee, as it was commenced, was thereby in the situation in which he might be vested with its benefits. But, before the trial took place, the action was wholly stripped of this feature, on the application of the plaintiff himself; for an order was made at his instance in April, 1887, severing the action, and allowing the plaintiff to proceed to judgment against the trustee, which, according to the order and the complaint, would be for the recovery from him of the property of the trust-estate. From that time, certainly, if the case was not in that form before, it proceeded against the other defendants as an action for the recovery of the securities or their value by the plaintiff, and such an action he had no title or interest in maintaining. It was apparently dismissed on that ground; for by the decision on which the judgment was entered it was decided by the court that the plaintiff had no right of action at the time of the commencement of the suit, and would have none until he attained the age of 25 years. It is true that the findings further proceeded to state that the trustee had the right to deal with the securities of the trust-estate; but, even if he had that right, he had no power or authority to use them in his own speculative business, as it is alleged he did in the complaint. While the case was one for the dismissal of the complaint, it evidently should not have been dismissed upon the merits, which would preclude the plaintiff from maintaining an action for the protection and enforcement of his rights, if he shall appear to be vested with any, after his arrival at the age of 25 years. As to so much of the judgment it should be reversed, leaving the direction simply for the dismissal of the complaint, but not upon the merits, and this modification should be made without costs of the appeal.

BRADY, J., concurs.

VAN BRUNT, P. J., (*concurring.*) There is no doubt but that a *cestui que trust* may maintain actions in respect to the trust of which he is the beneficiary, such as to compel the trustee to account or to secure his removal; but

no action by a *cestui que trust* has as yet been maintained upon his own be-half to recover a debt due the trust, as far as we have been able to ascertain. It is true that in one or two of the cases cited by the appellant *dicta* occur which seem to assume that such an action can be maintained, but no such question was involved. The rule is absolute that the real party in interest must sue. The holder of the legal title must be the actor; the person entitled to the recovery must be the plaintiff. *Sheridan* v. *Mayor*, 68 N. Y. 30; *People* v. *Ingersoll*, 58 N. Y. 1. The trustee is the legal owner of the trust funds. He is entitled to their custody and control, and he is responsible for their due administration. If the trustee abuses his trust, or is recreant to his duty as trustee, or has disposed of trust property under such circumstances that the holder has not a good title thereto, the negligent or fraudulent trustee may be removed and a new trustee appointed in his place; and in such action the trust fund may be recovered and paid over to the new trustee. In the case at bar, however, no relief removing the trustee is asked, and the respondents are called upon to account directly to the plaintiff for alleged trust funds received, to which he has not any title whatever. This, it seems to us, would be directly violating the rule laid down in the cases cited. The judgment appealed from must be affirmed, with costs.