MORRIS ULLMAN and Others, Respondents, *v.* CHARLES E. CAMERON and Others, Defendants, Impleaded with ALBERT L. CAMERON, Individually and as Trustee under the Last Will and Testament of JANE M. CAMERON, Deceased, Appellant.

*Real property left in trust to pay over the income, and, on notice from the* cestui que trust *that he desires it to engage in business, the principal, is subject to the claims of his creditors — a judgment creditor, under whose judgment a receiver has been appointed, may maintain an action to charge the real property — the receiver may also.*

Where a testatrix, by her will, bequeathes real and personal estate to one Albert L. Cameron in trust to collect the income thereof and pay it to Charles E. Cameron for life, and then provides that in case the said " Charles E. Cameron shall desire to engage in any business or enterprise, and shall give notice thus to the said Albert L. Cameron that he desires the whole or any part of such principal sum for such purpose it is my will, and in that case I hereby direct the said Albert L. Cameron to pay over and deliver to the said Charles E.

Cameron the amount so desired by him out of the principal sum so given to him in trust by the first clause hereof," the quoted provision renders the trust invalid ás to creditors of the *cestui que trust.*

A judgment creditor of the *cestui que trust* may maintain an action to charge the trust property with the payment of his judgment, without alleging that a receiver of the property of the judgment debtor, appointed in proceedings supplementary to execution instituted upon the judgment, had refused to bring such action.

*Semble,* that the action might also be maintained by the receiver in supplementary proceedings.

HOUGHTON, J., dissented.

APPEAL by the defendant, Albert L. Cameron, individually and as trustee under the last will and testament of Jane M. Cameron, deceased, from an interlocutory judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Madison on the 9th day of November, 1904, upon the decision of the court, rendered after a trial at the Cortland Special Term, overruling the said defendant's demurrer to the plaintiffs' complaint.

. *M. H. Kiley* and *D. W. Cameron,* for the appellant.

*T. B. Merchant* and *L. M. Merchant,* for the respondents.

SMITH, J. :

The determination here for review arises upon an issue of law raised by the defendant Albert L. Cameron's demurrer to the plaintiffs' complaint upon the ground that facts are not stated sufficient to constitute a cause of action. The plaintiffs allege in substance that they are judgment creditors of one Charles E. Cameron ; that some time prior to the procurement of their judgment Jane M. Cameron, the wife of said Charles E. Cameron, died leaving a last will and testament by which, in the 1st and 2d paragraphs, she assumed to convey to the defendant Albert L. Cameron all her property with directions that he collect the income, rents, issues and profits and pay the same to the said Charles E. Cameron for life. In the 3d paragraph of said will it was provided that in case the said " Charles E. Cameron shall desire to engage in any business or enterprise, and shall give notice thus to the said Albert L. Cameron that he desires the whole or any part of such principal sum for such purpose it is my will, and in that case I hereby direct the said Albert L. Cameron to pay over

and deliver to the said Charles E. Cameron the amount so desired by him out of the principal sum so given to him in trust by the first clause hereof." By the 4th paragraph of the will the other defendants, except the receiver, were named as remaindermen and residuary legatees and devisees. The complaint further alleges that the defendant Lounsbury was duly appointed receiver of the property of the defendant Charles E. Cameron after supplementary proceedings upon the plaintiffs' judgment. It is further alleged that the property which passed under the will consisted of certain personal property, including, among other things, a mortgage; that in satisfaction of said mortgage certain real estate upon which the mortgage was security was deeded to the said Albert L. Cameron as trustee; that upon that real estate was a building which was destroyed by fire, and the insurance thereon paid to said trustee so that of said property the said trustee now holds the household furniture, $1,100 in cash, and the said real property of the value of about $1,500. The prayer for judgment is that the alleged trust be declared void as to these plaintiffs and the property so attempted to be conveyed in trust be charged with the payment of plaintiffs' judgment, or so much thereof as is necessary to satisfy the same, and for an accounting by the said trustee if such accounting be held necessary.

The contention of the defendant Albert L. Cameron is twofold: *First*, that the trust alleged is a valid one, and, *second*, that this action cannot be maintained by the plaintiffs without alleging a request to the receiver to bring the same and his refusal so to do. Upon the first contention we have already passed upon a former appeal. (See 92 App. Div. 91.) We there held that the right given to Charles E. Cameron to demand and receive the principal of the fund whenever he should desire to engage in any business or enterprise gave to him such an absolute power of disposition of the fund as rendered the fund subject to the claims of creditors. We are asked upon this appeal to reconsider that determination, and it is urged that inasmuch as the first and second provisions of the will taken alone create a valid trust, the 3d paragraph which makes the trust invalid should be ignored and disregarded upon the principle that where parts of a will are valid and parts invalid the invalid parts will be disregarded

and the will sustained as to those trusts which are properly created. The cases cited to sustain the contention, however, are all cases where the trusts are distinct and separable. In the case at bar the 3d paragraph of the will does not contain a separate trust which has been declared invalid, but constitutes a modification of the trust created by the first and second provisions of the will, and is not so separable therefrom as to allow us to ignore the same and hold a valid trust to be created by the 1st and 2d paragraphs of the will. We are not convinced, therefore, that the conclusion which we reached upon that appeal should be reversed.

The defendants' second contention presents greater difficulty. It can hardly be questioned that the receiver upon his appointment became vested not only with the property of the judgment debtor, but also with all the rights of the creditor for the enforcement of the judgment as against such property. (*Mandeville* v. *Avery*, 124 N. Y. 385; *Chautauque County Bank* v. *Risley*, 19 id. 369; *Cumming* v. *Egerton*, 9 Bosw. 684.) That this action might have been brought by the receiver seems to be held by numerous authorities cited upon the able brief of the appellant's counsel. Upon the plaintiffs' theory this property is the property of Charles E. Cameron, the judgment debtor. The real estate conveyed to Albert L. Cameron as trustee was conveyed upon like trust as was held the mortgage, the payment of which was the consideration of the conveyance. As far as the plaintiffs are concerned, therefore, Charles E. Cameron, the beneficiary of that attempted trust, is the legal owner of this real estate and the plaintiffs' judgment immediately upon its entry became a lien thereupon. While upon the appointment of the receiver he became vested with the rights of the judgment creditor to collect the judgment, nevertheless the plaintiffs' judgment was in no way assigned or surrendered to him, and I know of no reason why the plaintiffs could not, after the appointment of such receiver, have issued execution and sold the real estate upon such execution. With this right of sale existing by virtue of plaintiffs' lien there would seem to be attached as incidental thereto the right to bring this action to subject to the execution the property of the judgment debtor held by Albert L. Cameron under his claim as trustee. Those cases which deny to a beneficiary of a trust the right to bring an action without a request to the trustee to bring the same

and a refusal upon his part are all cases where the sole legal title rests in the trustee. For injury done to a corporation, for instance, the right of action is in the corporation, the legal owner of the assets, and unless the corporation upon request refuses to bring an action for such injury, the stockholder cannot bring the same. The same is applicable as to all injuries to trust estates. In *Cooper* v. *Weston* (16 N. Y. St. Repr. 937) the head note in part reads: "The action was brought by the plaintiff in* the *cestui que trust* to recover the securities, or their value, which the trustee has misappropriated in speculative dealings with the defendants, Weston and de Bielier. The trustee was made a party defendant. *Held,* that as the plaintiff had no title to the securities, this action could not be maintained." The plaintiffs, with the lien of their judgment upon this real estate, have a title which a beneficiary of a trust does not have. Notwithstanding, therefore, the right which the law gives to a receiver to bring any necessary action in aid of the collection of the judgment, we can find no principle of law which has stripped the judgment creditor of his right to enforce the lien of his judgment.

This holding is not without authority. In *Gere* v. *Dibble* (17 How. Pr. 31) the Erie General Term of the Supreme Court held: "A creditor's suit can be maintained by judgment creditors on their own account and for their exclusive benefit, after a receiver of the debtor's property in supplementary proceedings has been appointed, to set aside as fraudulent and declare void a mortgage previously given by the judgment debtor upon his real estate, and to secure the proceeds of the debtor's property to the satisfaction of their judgments, where their judgments were recovered and became a lien on such real estate of the debtor prior to the appointment of the receiver." In the opinion Mr. Justice MARVIN says: "In *Porter* agt. *Williams,*† the receiver was appointed in supplemental proceedings under the Code, and he brought the action to set aside an assignment as fraudulent, made by the debtors, and it was held by the Court of Appeals that the receiver could maintain the action. It was not decided that a judgment creditor could not maintain the action after the appointment of the receiver. * * * Assuming that the receiver Porter could have brought the action to set aside

---

* *Sic.*     † *Porter* v. *Williams* (9 N. Y. 142, 148).—[REP.

as fraudulent the mortgage, it would not follow that the plaintiffs may not maintain the action for the same purpose, on their own account and for their exclusive benefit, to the extent of the judgments that were liens when the receiver was appointed. The plaintiffs have made the receiver a party defendant, and this, I think, was proper. He has, in his character of receiver and trustee, an interest. The title to the land is in him subject to the liens of the judgment, and whatever of the avails of a sale of the land shall remain, after satisfying the judgments that were liens, will go to him as such receiver."

This case has been cited with approval in *Bennett* v. *McGuire* (58 Barb. 635), and I am unable to find that the case has ever been questioned or that a contrary rule has ever been held in the courts of this State or elsewhere. The conclusion which I have reached leads to an affirmance of the judgment.

Interlocutory judgment affirmed, with costs, with leave to defendants to answer upon payment of costs of demurrer under this appeal, within twenty days from the entry of the judgment hereupon, and of notice thereof.

All concurred, except HOUGHTON, J., dissenting upon the ground that the complaint does not state a cause of action because a valid trust exists in favor of Charles E. Cameron.

Interlocutory judgment affirmed, with costs, with usual leave to defendant to answer upon payment of costs of the demurrer.