CONSOLIDATED RUBBER TIRE CO. v. VEHICLE EQUIPMENT CO.

(Supreme Court, Appellate Division, First Department. November 15, 1907.)

1. BANKRUPTCY—COMPOSITION—PLEADING.

A composition in bankruptcy may be pleaded in bar of an action upon a debt discharged, and in order to be available as a defense it must be so pleaded.

2. PLEADING—MOTION—JUDGMENT ON FRIVOLOUS PLEADING.

If it requires argument to show that a pleading is frivolous, it may not be overruled on that ground.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 1062.]

3. BANKRUPTCY—OPERATION AND EFFECT OF COMPOSITION.

Plaintiff, on certain conditions, secured the permission of the United States District Court in bankruptcy to institute and prosecute to judgment an action against the bankrupt defendant, a corporation, and to enforce the judgment against its stockholders, and began such action on May 22, 1907. On May 13, 1907, the court confirmed a composition offered by defendant after plaintiff had received its permission to sue. Defendant pleads the confirmation of the composition in bankruptcy in bar of the action. Bankr. Act July 1, 1898, c. 541, § 14, subd. "c," 30 Stat. 550 [U. S. Comp. St. 1901, p. 3427], provides that "the confirmation of a composition shall discharge the bankrupt from his debts other than those agreed to be paid by the terms of the composition and those not affected by a discharge." *Held,* that the answer may not be overruled as frivolous, in view of the federal court's permission to prosecute the action to judgment, since it is not perfectly clear that the indebtedness has not been discharged by the composition.

Appeal from Special Term.

Action by the Consolidated Rubber Tire Company against the Vehicle Equipment Company. From an order overruling its answer as frivolous, and from a judgment for plaintiff, defendant appeals. Reversed, and new trial ordered. Appeal from the order dismissed.

Argued before PATTERSON, P. J., and INGRAHAM, LAUGHLIN, CLARKE, and HOUGHTON, JJ.

Martin Conboy (Frank A. Clary, on the brief), for appellant.
Chas. W. Stapleton, for respondent.

LAUGHLIN, J. On the 6th day of April, 1906, the defendant was duly adjudged a bankrupt by the District Court of the United States

for the Eastern District of New York. Pending the proceedings in bankruptcy, and on the 28th day of March, 1906, the usual restraining order was granted by the bankruptcy court, enjoining the prosecution of actions against the defendant. On the 29th day of March, 1907, on the petition of the plaintiff, an order was made by the District Court of the United States, modifying the injunction order, so as to permit it to bring and prosecute a suit against the defendant on the claim upon which this action is based, and to issue execution on any judgment recovered therein, and permitting the plaintiff·to institute a suit under the stock corporation law of New York against the stockholders of the defendant, which is a domestic corporation, to enforce any claim that may exist against them thereunder. The order was granted·upon conditions, among others: (1) That the plaintiff should not increase its claim in bankruptcy above the claim theretofore duly proved and allowed; (2) that plaintiff should not take any steps or proceedings upon or by virtue of the judgment which should interfere with the assets of the defendant, or with the right, title, or possession of the trustee in bankruptcy, and it is expressly recited that it was the intention of the order that the permission given should be limited to permitting the plaintiff to endeavor to enforce any liability given by statute to a creditor against the stockholders of the bankrupt; and (3) that it was without prejudice to the rights of the trustee in bankruptcy, and that, if it should thereafter appear that the remedy against the stockholders belonged to the trustee in bankruptcy, then the trustee might apply for permission to commence an action against the stockholders, or to continue the action brought by the plaintiff, or for any order that may seem just, upon such terms as the court might prescribe.

This action was brought, pursuant to such leave of the federal court, to recover the sum of $909.23, together with interest thereon, for goods, wares, and merchandise sold to the defendant, and work, labor, and services performed for it. The complaint was verified on the 30th day of April, 1907; but it appears by the statement in the record that the action was not commenced until the 22d day of May, 1907. On the 13th day of May, 1907, after the complaint was verified, but before the action was commenced, the District Court of the United States, by an order duly made, confirmed a composition offered by the bankrupt, verified and filed on the 22d day of April, 1907. The defendant, on the 17th day of June thereafter, interposed an answer herein, in which it admitted all of the allegations of the complaint and alleged as an affirmative defense the adjudication in bankruptcy, the nature of the plaintiff's claim, showing that it was a debt provable and dischargeable in bankruptcy, that plaintiff proved its claim in bankruptcy, that a composition of all claims against the bankrupt was duly offered by it, and that after notice to all creditors such composition was duly confirmed and approved by the court, and annexed to the answer a certified copy of the order confirming and approving the composition, and alleged that thereafter plaintiff received and accepted 7.8 per cent. of its claim pursuant to the provisions of .said composition, and that the same constituted a release and discharge of the plaintiff's claim and a bar to the action., The summons and complaint were served at the same time, but indorsed upon the summons, under date

of May 27, 1907, is a receipt by the attorney for the plaintiff of the amount received under the composition in bankruptcy. No claim is made by the respondent that the defense setting up the confirmation of the composition in bankruptcy is not available, owing to the fact that the defendant has admitted all of the allegations of the complaint, including an allegation that the amount claimed was due and owing to the plaintiff from the defendant.

The order and judgment are sought to be sustained only upon the theory that the defense is frivolous, in view of the order of the federal court permitting the plaintiff to institute and prosecute the action to judgment. It is to be borne in mind that, at the time the order permitting the plaintiff to maintain the action was granted, the composition had neither been offered nor confirmed. Section 14, subd. "c" of the bankruptcy act July 1, 1898 (30 Stat. 550, c. 541 [U. S. Comp. St. 1901, p. 3427]), provides as follows:

"The confirmation of a composition shall discharge the bankrupt from his debts, other than those agreed to be paid by the terms of the composition and those not affected by a discharge."

A composition in bankruptcy may be pleaded in bar of an action upon a debt discharged, and in order to be available as a defense it must be so pleaded. Loveland on Bankruptcy (5th Ed.) 724–727; Collier on Bankruptcy (5th Ed.) 159; In re Becket (U. S.) Fed. Cas. No. 1,210; Glover Grocery Co. v. Dorne, 8 Am. Bankr. Rep. 702, 116 Ga. 216, 42 S. E. 347; Broadway Trust Co. v. Manheim, 14 Am. Bankr. Rep. 122, 47 Misc. Rep. 415, 95 N. Y. Supp. 93. It would seem clear, therefore, that but, at least, for the order of the federal court, permitting the plaintiff to bring the action and prosecute it to judgment and execution the indebtedness upon which the action is based would be discharged by the order confirming the composition in bankruptcy. The merits of the defense were not presented by the motion for judgment on the answer as frivolous, as they would be by a demurrer to the answer or by a motion for judgment on the trial; the rule being that, if it requires argument to show that the pleading is frivolous, it may not be overruled. We are of opinion that it is not perfectly clear that the indebtedness upon which the action is based has not been discharged, so that the plaintiff is not entitled to recover judgment and issue execution against the bankrupt, which now, in view of the discharge and the restoration to the bankrupt of its property, might render the property turned over to it by the trustees liable on execution, and, the discharge having taken place before judgment, defendant might be unable to procure its cancellation upon a ground existing at the time of its recovery. Those questions should be left to be adjudicated in the usual manner.

It follows, therefore, that the judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event.

The appeal from the order should be dismissed. All concur.