KOBRE ASSETS CORPORATION, Respondent, *v.* HYMAN D.
BAKER, Appellant, Impleaded with ANCIENT ORDER OF
HIBERNIANS and SARAH KOBRE, as Administratrix, etc., of
MAX KOBRE, Deceased, Defendants.

First Department, April 20, 1917.

Bankruptcy — fraudulent transfers — authority of liquidating trustees
to whom assets have been transferred under composition agreement
to set aside fraudulent transfer under section 19 of Personal Property
Law — effect of confirmation of composition agreement.

A liquidating trustee to whom the assets of a bankrupt are transferred
pursuant to a composition agreement duly approved by the Federal
court is a trustee for creditors and may, under the authority of section
19 of the Personal Property Law, maintain an action to set aside a
fraudulent transfer by the alleged bankrupt notwithstanding the pro-
visions of section 14 of the Bankruptcy Act of 1898 providing that upon
the execution of a composition agreement the bankrupt shall become
discharged from all his provable debts.

A trustee may, under section 19 of the Personal Property Law, maintain an
action without the recovery of a judgment against the insolvent debtor.

The effect of the confirmation of a composition agreement under which the
assets of a bankrupt are transferred to a trustee is to substitute for the
claims of the creditors against their debtors a right to share in the con-
sideration agreed to be transferred.

APPEAL by the defendant, Hyman D. Baker, from an order
of the Supreme Court, made at the New York Special Term
and entered in the office of the clerk of the county of New
York on the 22d day of November, 1916, denying his motion
for judgment on the pleadings, consisting of an amended
complaint and answer.

*J. A. Seidman,* for the appellant.

*Virginius Victor Zipris,* for the respondent.

*George Edwin Joseph,* by leave, for the defendant Kobre, as
administratrix.

LAUGHLIN, J.:

The point presented by the motion was whether a cause of
action is stated against appellant, and as I view it that pre-
sents ultimately two questions of law. They are whether a
liquidating trustee to whom the assets of a bankrupt are

transferred pursuant to a composition agreement duly approved by the Federal court is a trustee for creditors and authorized by section 19 of the Personal Property Law (Consol. Laws, chap. 41; Laws of 1909, chap. 45) to maintain an action to set aside a fraudulent transfer by the alleged bankrupt, notwithstanding the provisions of subdivision c of section 14 of the Bankruptcy Act (30 U. S. Stat. at Large, 550), by which it is declared that upon the execution of a composition agreement the bankrupt shall become discharged from all his provable debts; and if the action be not authorized on that theory whether such liquidating trustee becomes vested with title and authority the same as a trustee in bankruptcy who could by virtue of the bankruptcy statute maintain the action.

The allegations of the complaint material to the decision of the appeal are in substance as follows: That Max Kobre, whose widow being administratrix has been permitted to file a brief, was conducting with his wife as copartner in the city of New York, a private bank which became insolvent, and on the 4th day of August, 1914, Eugene Lamb Richards, Jr., as Superintendent of Banks, "took possession of the choses in action, assets, property and business" of the bank for the purpose of liquidating the same under our State laws;* that two days later an involuntary petition in bankruptcy was duly filed against the copartnership as individuals and as copartners, and fifteen days thereafter the Federal court duly appointed said Richards temporary receiver of the same property that he had taken as Superintendent of Banks and he duly qualified; that thereafter and on October twenty-sixth the alleged bankrupts duly filed an offer of composition and subsequently filed an amended composition and they were referred to the referee in bankruptcy who reported favorably on the latter, and it was duly accepted by more than a majority in amount and number of the creditors, and on November 30, 1915, on due notice to the creditors, the amended composition, which provided for the organization under the laws of this State of a holding company to which all of said property was to be transferred for the purposes of liquidation and distribution as pro-

---

* See Banking Law (Consol. Laws, chap. 2; Laws of 1914, chap. 369), § 57 *et seq.*—[REP.

vided in the amended composition to which reference is made
in the complaint, was duly confirmed and approved, and that
prior thereto and on the 25th day of May, 1915, the plaintiff
had been organized under the laws of New York as such hold-
ing company in accordance with the amended composition
agreement; that the decree of the Federal court confirming
the composition agreement required that the copartners and
Richards as such temporary receiver transfer and set over to
the plaintiff " all choses in action and property and assets in
their possession or otherwise, or to which the said Max Kobre
or his creditors or this plaintiff in their behalf were entitled ·
to," and the decree further provided that no provision thereof
should be so construed as to give Kobre or any person other
than the plaintiff " the right to retain any properties, choses in
action or assets to which the depositors and creditors were
entitled to at the closing of the bank and prior thereto, and
that the plaintiff at any time thereafter " should have " the
right to bring any and all proceedings to obtain the transfer,
possession and title of any property, real or personal, which it
is claimed is or was part of the assets " of the copartners or of
either of them; that such property was transferred to the
plaintiff in conformity with the composition agreement and
decree, but that at the time the bank was so closed Kobre held
an assignment from the Fifth Avenue Amusement Company
of a contract, a copy of which is annexed to the complaint,
under which it was entitled to receive the sum of $6,500 in
monthly installments, and after the closing of the bank and
after the filing of the said involuntary petition in bankruptcy
and by an instrument in writing delivered to appellant, he
pretended to sell, transfer and assign his right, title and
interest in said contract to the appellant without consideration,
and that said assignment was executed by Kobre with intent
to give and was received by the appellant with intent to take a
preference and benefit over and to the exclusion of the cred-
itors of Kobre in violation of the provision of section 60 of the
Bankruptcy Act, and that at that time Kobre knew that
he was insolvent, and the appellant knew of the insolvency
and that said assignment from Kobre to the appellant was
made wholly without consideration and with intent to defraud

the creditors of the assignor of the chose in action and of the moneys due thereunder to which moneys the plaintiff is entitled for the benefit of the creditors, and that said assignment was made with the collusive understanding and agreement that the moneys due thereunder would be retained by the appellant until the said bankruptcy proceeding had been disposed of and that then the agreement or the moneys due thereunder would be returned to the assignor by the appellant; that Kobre failed and omitted to deliver to the plaintiff the said agreement assigned to him by the Fifth Avenue Amusement Company, and by him assigned to the appellant; that at no time mentioned in the complaint did the copartnership or the members thereof have sufficient assets after the payment of the expenses and disbursements of the bankruptcy proceeding to pay their creditors in full; that the plaintiff by virtue of the provisions of the composition agreement and decree thereunder became vested with and is entitled to all the property and assets and choses in action transferred or retained by Kobre preferentially or in fraud of his creditors and to all the property which prior to the filing of the petition in bankruptcy he could by any means transfer or which might have been levied upon or sold under judicial process against him, and that there has become due under said agreement so assigned to Kobre and by him assigned to the appellant the sum of $6,500, together with interest thereon from the 1st day of March, 1915, and that the plaintiff has no adequate remedy at law. The judgment demanded against the appellant is to have the assignment by Max Kobre to the appellant declared void on the ground that it was preferential and fraudulent as against the creditors of the private bank as well as against the plaintiff, and that he be compelled to deliver the same up in order that it may be canceled.

Section 60 of the Bankruptcy Act provides, among other things, that a person shall be deemed to have given a preference if, being insolvent, he has, within four months prior to the filing of the petition, made a transfer of any of his property and the effect of the transfer will be to enable any of his creditors to obtain a greater percentage of his debt than any other

of his creditors of the same class, and that if the transferee shall have reasonable cause to believe that the transfer would effect a preference, it shall be voidable by the trustee who may recover the property or its value from the transferee. (30 U. S. Stat. at Large, 562, § 60, as amd. by 32 id. 799, 800, § 13, and 36 id. 842, § 11.)

Section 12 of the Bankruptcy Act authorizes the bankruptcy court, either before or after the adjudication in bankruptcy, to confirm a composition offered by the bankrupt and duly accepted by the creditors if the court is satisfied that it is for the best interests of the creditors, and that the bankrupt has not been guilty of acts or failed to perform any of the duties which would bar a discharge, and that the offer has been made and accepted in good faith and has not been made or procured in violation of any of the provisions of the Bankruptcy Law, and that upon the confirmation "the consideration shall be distributed as the judge shall direct, and the case dismissed," and that where a composition is not confirmed the estate shall be administered in bankruptcy. (30 U. S. Stat. at Large, 549, 550, § 12, as amd. by 36 id. 839, § 5.)

Section 13 provides that the composition may be set aside upon the application of parties in interest filed within six months after the confirmation thereof if it shall be made to appear that fraud was practiced in procuring the composition and that knowledge thereof has come to the applicant since the confirmation. (30 U. S. Stat. at Large, 550, § 13.) Section 14 provides that the confirmation of a composition shall discharge the bankrupt from "debts, other than those agreed to be paid by the terms of the composition and debts not affected by a discharge." (30 U. S. Stat. at Large, 550, § 14, subd. c.) Section 70 of the Bankruptcy Act provides that a trustee in bankruptcy shall be vested by operation of law with the title of the bankrupt as of the date of adjudication, excepting as to property which is exempt, including property transferred in fraud of creditors, and that the trustee may avoid any transfer by the bankrupt which any of his creditors might have avoided and may recover the property or its value unless the transferee was a *bona fide* holder for value prior to the date of the adjudication, and that upon the confirmation of the composition the title to the

property of the bankrupt "shall thereupon revest in him." (30 U. S. Stat. at Large, 565, 566, § 70, as amd. by 32 id. 800, § 16.)

It is argued on behalf of respondent that the creditors have by the six months' limitation prescribed in section 13, lost any remedy they may have had to set aside the confirmation of the composition agreement and to have the assets administered in the bankruptcy court. There is no doubt but that by the provisions of the Bankruptcy Act cited, and the further provisions of section 47 thereof (30 U. S. Stat. at Large, 557, § 47, as amd. by 32 id. 799, § 10, and 36 id. 840, § 8), a trustee in bankruptcy could have successfully maintained this action (*Matter of Rodgers*, 11 Am. Bank. Rep. 79; *Matter of Butterwick*, 12 id. 536; *Thomas* v. *Roddy*, 19 id. 873; *Matter of Kohler*, 20 id. 89; *Bank of North America* v. *Penn Motor Car Co.*, 31 id. 395); but it does not appear that a trustee was appointed and the plaintiff has acquired no title or interest from a trustee in bankruptcy.

Section 19 of the Personal Property Law (*supra*), which was taken from chapter 314 of the Laws of 1858 (as amd. by Laws of 1889, chap. 487, and Laws of 1894, chap. 740, and revised by former Pers. Prop. Law [Gen. Laws, chap. 47; Laws of 1897, chap. 417], § 7), provides as follows: "An executor, administrator, receiver, assignee or trustee, may, for the benefit of creditors or others interested in personal property, held in trust, disaffirm, treat as void and resist any act done, or transfer or agreement made in fraud of the rights of any creditor, including himself, interested in such estate, or property, and a person who fraudulently receives, takes or in any manner interferes with the personal property of a deceased person, or an insolvent corporation, association, partnership or individual is liable to such executor, administrator, receiver or trustee for the same or the value thereof, and for all damages caused by such act to the trust estate. A creditor of a deceased insolvent debtor, having a claim against the estate of such debtor, exceeding in amount the sum of one hundred dollars, may, without obtaining a judgment on such claim, in like manner, for the benefit of himself and other creditors interested in said estate, disaffirm treat as void and resist any act done or conveyance, transfer or agreement made in fraud of

creditors or maintain an action to set aside such act, conveyance, transfer or agreement."

If on the allegations of the complaint the plaintiff is shown to be a trustee within the contemplation of the provisions of said section 19 it is authoritatively settled an action is authorized without the recovery of a judgment against the insolvent debtor. (*Southard* v. *Benner*, 72 N. Y. 424; *Potts* v. *Hart*, 99 id. 168; *Spelman* v. *Freedman*, 130 id. 421.) It is, I think, quite clear that the creditors have no other remedy, and if this action cannot be maintained their debtor will have successfully perpetrated a fraud upon them by inducing them to consent to the composition agreement and then withholding from the liquidating trustee property which he was in duty bound to transfer, but which he had secretly, fraudulently and without consideration transferred to the appellant to hold for him pending the bankruptcy proceeding and on the termination thereof was to redeliver the same to him. Doubtless while the composition agreement stands the debts are conclusively deemed to have been discharged. (*Cumberland Glass Co.* v. *De Witt*, 237 U. S. 447; *Matter of Maytag-Mason Motor Co.*, 35 Am. Bank. Rep. 160; *Broadway Trust Co.* v. *Manheim*, 47 Misc. Rep. 415; *Mandell & Co.* v. *Levy*, 14 Am. Bank. Rep. 549; *Consolidated Rubber Tire Co.* v. *Vehicle Equipment Co.*, 121 App. Div. 764.) But such discharge is personal to the debtor and does not prevent the recovery of property from a fraudulent assignee (*Stephenson* v. *Bird*, 25 Am. Bank. Rep. 909); and if the alleged bankrupt failed to comply with the composition agreement the creditors would have an action thereon against him. (*Matter of Maytag-Mason Motor Co.*, supra; *Cumberland Glass Co.* v. *De Witt*, supra.) The effect of the confirmation of the ·composition agreement was, I think, to substitute for the claims of the creditors against their debtors a right to share in the *consideration* agreed to be transferred to the plaintiff, as provided in the composition agreement. The creditors, for the fraud alleged, would have been entitled, had they discovered it and applied in time, to have the composition agreement annulled; but having lost that remedy, they are now necessarily confined to their rights under the composition agreement. It is perfectly clear on the allegations

of the complaint that the plaintiff under the composition agreement became a trustee for the benefit of the creditors; but whether it become a trustee within the provision of said section 19 of the Personal Property Law is the question. No precedent precisely in point has been cited, excepting *Matter of Kass,* an unreported case in the United States District Court, Southern District of New York, decided in October, 1916, in which it appears from a quotation in the respondent's points that it was held that a like trustee appointed under a composition agreement was vested with the same authority to recover property fraudulently transferred as a trustee in bankruptcy would have had. In so far as it was within the power of the debtors, creditors and Federal court to clothe the plaintiff with such authority, I think it is to be inferred from the allegations of the complaint that such was their intention. The learned counsel for the appellant, however, argues on the authority of *Agne* v. *Schwab* (123 App. Div. 746) and kindred cases, that Kobre could not have brought the action and that, therefore, he could not confer authority upon the plaintiff to bring it. That argument would apply with equal force to an action brought by a trustee in bankruptcy or by an assignee for the benefit of creditors or by an executor or administrator of a deceased assignor; but in those instances it is clear that the action would lie notwithstanding the fact that the assignor could not have maintained it. It is argued that the trustee contemplated by the statute is a trustee appointed in general insolvency proceedings, either in the State or Federal court, who represents all the creditors. That argument is based on authorities holding that the assignee therein specified is an assignee under an assignment made in accordance with the assignment laws, and that a receiver in supplementary proceedings who does not represent all the creditors cannot maintain an action at law as for replevin or conversion for property fraudulently transferred by the debtor, and it is further argued that inasmuch as the debts have been discharged there are no creditors to be represented by the plaintiff. Although those whom the plaintiff represents have ceased to be creditors of the alleged bankrupts they are sufficiently creditors and interested in the assets which were to be distributed for

First Department, April, 1917.　　　[Vol. 178.

their benefit to be classed as creditors within the provisions of the statute. It is true that the transfer to plaintiff by the alleged bankrupts is not alleged to have been made in accordance with our insolvency laws; but it was made to terminate proceedings pursuant to the provisions of the bankruptcy laws, which were designed to accomplish a like purpose, namely, the distribution of the assets of the insolvent ratably among their creditors. The composition agreement was designed to accomplish the same purpose with respect to this property as if the bankruptcy proceeding had been continued, and, therefore, I think the statute is susceptible of a construction which will embrace such a trustee as the plaintiff. It is insisted that since the composition agreement was only for the benefit of creditors whose claims were provable in bankruptcy it does not embrace *all* of the creditors, and that, therefore, the plaintiff is not in a position analogous to that of an assignee for the benefit of creditors or a trusteee in bankruptcy, or a *general* receiver or trustee. With respect to that argument I am of opinion that there is no presumption that there were other creditors; and if there are creditors whose claims were not provable in bankruptcy they had or have other remedies, and may well be left to protect their own rights, for the composition was designed to· embrace precisely what would have been accomplished by the continuation of the bankruptcy proceeding, and had it been continued there can be no doubt under the provisions of the Bankruptcy Law and decisions cited that this action could have been maintained by the trustee in bankruptcy. Moreover, it has been held in many cases that a receiver in supplementary proceedings comes within the statute, and although he *does not represent all the creditors* he may maintain a *suit in equity,* as this is, to set aside fraudulent transfers. (*Stephens* v. *Meriden Britannia Co.,* 160 N. Y. 183; *Porter* v. *Williams,* 9 id. 142, 147; *Swift* v. *Hart,* 35 Hun, 128; *Bostwick* v. *Menck,* 40 N. Y. 383; *Pettibone* v. *Drakeford,* 37 Hun, 628. See, also, *Ullman* v. *Cameron,* 105 App. Div. 163; affd., 186 N. Y. 339.)

It follows, therefore, that the order should be affirmed, with costs.

Clarke, P. J., Dowling, Smith and Davis, JJ., concurred.

Order affirmed, with ten dollars costs and disbursements.