### In re KASS.

### In re HOLLAND.

#### (District Court, E. D. New York. October 17, 1916.)

1. BANKRUPTCY ⊜⇒386—INSUFFICIENCY OF PETITION TO VACATE COMPOSITION.
    Petition of a creditor, filed 13 months after offer of a composition, and nearly 6 months after its confirmation without opposition, and after considerable dividends had been paid to creditors, based on information alleged to have been since obtained by petitioner, but which states only conclusions, and no material specific facts, and is verified only on information and belief, *held* insufficient to warrant vacation of the composition.

2. BANKRUPTCY ⊜⇒386—REPRESENTATIONS OF VALUE OF ASSETS BY RECEIVER NOT BINDING ON BANKRUPT OR ESTATE.
    As respects alleged fraud by bankrupt bank, in procuring acceptance of composition offer, representations by a state superintendent of banks or of a receiver as to the value of a bankrupt's assets are not binding upon bankrupt or his estate, and therefore, if false, afford no legal ground for vacating the composition.

3. BANKRUPTCY ⊜⇒386—GROUNDS FOR VACATION OF COMPOSITION.
    Under a plan of composition by which bankrupt was required to turn over all his property, consisting largely of real estate, to a corporation organized to liquidate the same for benefit of his creditors, to avoid sacrifice incident to forced sales, overvaluation by bankrupt or others, or even attempted concealment of assets, affords no ground for vacation of the composition.

In Bankruptcy. In the matter of Abraham L. Kass, alleged bankrupt. On motion to dismiss petition of Joseph Holland to vacate composition. Motion granted.

Feltenstein & Rosenstein, of New York City, for the motion.
Isidor Sachs, of New York City, for petitioner.

VEEDER, District Judge. This is a motion in the nature of a demurrer on behalf of the alleged bankrupt to dismiss a petition filed July 20, 1916, by one Joseph Holland, a creditor, to set aside the composition effected in this case by a decree of confirmation dated January 20, 1916.

It should be recalled that an involuntary petition in bankruptcy was filed in this case on December 1, 1914. The alleged bankrupt's banking business was then in the possession of the state banking department. On April 26th, Eugene Lamb Richards, the state superintendent of banks, was appointed receiver. The schedules filed by the alleged bankrupt showed liabilities of approximately $1,500,000 owing to some 15,000 creditors. The assets, consisting very largely of investments in real estate, were scheduled at a book value of some $300,000 in excess of the liabilities. It was realized by all concerned that the forced sale in bankruptcy of such assets would involve a ruthless sacrifice. Consequently, when, early in 1915, the alleged bankrupt offered a composition, this course met with entire approval. The consideration of the proposal was subjected to the most careful consideration, extending over a long period of time. The composition offer as finally made provided for the turning over of all the alleged bankrupt's assets to a

corporation to be formed, the issue of participation certificates of interest to all creditors, the gradual liquidation over a period of three years by such corporation of the assets, the gradual payment by installments of the participation certificates, and, upon the payment in full of all liabilities, the transfer of the remaining assets to the alleged bankrupt. At the hearing on the composition offer before the referee, on June 4, 1915, no creditor voted against the composition. At the hearing before the court on motion to confirm the composition, September 17th, there was no opposition. The decree of confirmation was signed January 20, 1916, after exhaustive consideration of every detail. The Depositors' Assets Corporation immediately took over the assets pursuant to the composition, and has since administered its trust in accordance with the final decree. Three installment payments, aggregating 35 per cent., and representing an expenditure of nearly $500,000, have already been paid.

The petition to vacate the composition alleges, first, that on October 30, 1914, and at various times thereafter, Eugene Lamb Richards, as superintendent of banks and later as receiver of the estate of the alleged bankrupt, and Irving V. Scott, a bank examiner in the employ of the superintendent of banks and later of the receiver, falsely represented that the value of the assets of the alleged bankrupt was in excess of his liabilities; second, "that said alleged bankrupt, in the schedules of his assets filed herein, omitted therefrom and concealed certain assets belonging to him, misstated the value of his real estate, and made false oath to said schedules." The petitioner then alleges that he accepted the composition offer in reliance upon such statements and representations, of the falsity of which he was ignorant at the time of the acceptance and confirmation of the composition, such knowledge having been acquired subsequent thereto.

I am of opinion that the petition is wholly insufficient to raise an issue, and that the motion to dismiss should accordingly be granted, upon the following grounds:

[1] Although the petitioner bases his claim to relief upon knowledge which he says came to him subsequent to the confirmation of the composition, he states no facts within his own knowledge, but simply verifies the petition upon information and belief. Indeed, the petition throughout is barren of specific allegation of material facts. The petitioner alleges that he learned of the falsity of the "representations, statements, and descriptions," on which he relies, subsequent to the acceptance and confirmation of said composition. The acceptance and the decree of confirmation were more than 7 months apart. The petition to vacate the composition was filed on the last day of the 6 months period of limitation allowed by the Bankruptcy Act (Comp. St. §§ 9585–9656). The lapse of 13 months requires an allegation of fact, not a conclusion. In a matter of this kind a creditor is bound to move at once; otherwise, he is barred by his own laches. Yet the petitioner nowhere states when he learned of the falsity of the representations.

[2] The allegations of the petition with respect to representations made by Eugene Lamb Richards, as superintendent of banks or as receiver, and by his employé, Irving V. Scott, state no legal grounds

for the relief sought. A creditor may not rely upon such representations; they do not bind the estate. Statements by the alleged bankrupt doubtless stand upon a different footing; but as to him, it is to be observed, the allegation is merely that he "misstated the value of his real estate." It is not alleged that he did so knowingly, willfully, or fraudulently.

[3] Even if the alleged bankrupt had been charged with making the representations alleged to have been made by Richards and Scott, the following considerations would still apply to all of them: The representation said to have been made was that the assets were overvalued. The materiality of this is not apparent in a composition, not for a definite percentage of payment, but where the alleged bankrupt turned over all his property. The creditors get all the property he had, whatever its value. They could get no more in any event. The value of a multitude of separate parcels of real estate is, moreover, necessarily a matter of opinion. The value fluctuates, and may have been greater at the time when the composition was accepted and confirmed than it is now. Its actual value at a given time can be ascertained only by sale, and the practical result depends, of course, upon the skill with which the sale is managed. The petitioner asserts that the assets do not equal the liabilities. That is merely an expresssion of opinion on his part. The fact can be ascertained only by the result of their disposition. The petitioner's major premise is assumed. Whatever the value of the assets may have been on January 20th, their aggregate value now, or when disposed of gradually over the period prescribed in the final decree of confirmation, may be in excess of the liabilities.

There remains only the allegation that the "alleged bankrupt, in the schedule of his assets filed herein, omitted therefrom and concealed certain assets belonging to him"; for the final clause of the ninth paragraph, "and made false oath to said schedules," obviously relates to the particulars theretofore specified. This vague and general allegation is wholly insufficient. So far as it concerns the alleged bankrupt, it is in effect an objection to his discharge. The strict rules applicable to specifications of objection to discharge apply. There must be specific averments of fact. Yet this petition fails to state a single particular concerning the nature, extent, or value of any asset which has been concealed.

So far as the allegation with respect to concealment of assets concerns the estate, it may be pointed out that the decree confirming the composition expressly provides (in accordance with a provision of the composition offer) that the Depositors' Assets Corporation thereby became subrogated to and fully and completely vested with all the rights and remedies of a trustee in bankruptcy for the recovery of any assets of the alleged bankrupt. If the petitioner has knowledge of any concealment of assets, he need only communicate the facts to the Depositors' Assets Corporation to bring about proceedings for their recovery. It is therefore unnecessary, for any practical purpose, to vacate the proceedings heretofore taken, to go over the same ground again, to deplete the assets by the duplication of administration expenses, and finally sacrifice the remaining assets at forced sale.

The motion to dismiss the petition is granted.