### In re LUSTIG–BURGERHOFF CO.
### No. 9301.

District Court, M. D. Pennsylvania.
June 13, 1936.

Samuel L. Einhorn, of Philadelphia, Pa., and David Landau, of Scranton, Pa., for petitioner.

J. Julius Levy, of Scranton, Pa., for bankrupt.

WATSON, District Judge.

The bankrupt, a produce dealer, was adjudged on its own petition a bankrupt January 21, 1936. Thereafter, after it had been examined at a meeting of its creditors, and had filed in court a schedule of its property and list of its creditors, it offered terms of composition to its creditors. After the composition had been accepted in writing by a majority in number of all creditors whose claims had been allowed, which number represented a majority in amount of such claims, and the consideration to be paid by the bankrupt to its creditors, and the money necessary to pay all debts which had priority, and the costs of the proceedings had been duly deposited, the composition was on February 25, 1936, confirmed by this Court.

Thereafter, and on April 22, 1936, Frederick Opolinsky & Son, Inc., filed a petition praying that the order of this court confirming the composition be set aside. On April 30, 1936, the bankrupt moved to dismiss the petition of Frederick Opolinsky & Son, Inc., questioning its legal sufficiency.

The law under which the petitioner moves is as follows: "The judge may, upon the application of parties in interest filed

at any time within six months after a composition has been confirmed, set the same aside and reinstate the case if it shall be made to appear upon a trial that fraud was practiced in the procuring of such composition, and that the knowledge thereof has come to the petitioners since the confirmation of such composition." Act July 1, 1898, c. 541, § 13, 30 Stat. 550 (11 U.S.C.A. § 31).

It will be observed that in order that the judge may set aside the confirmation there must have been fraud practiced in the proceeding and the knowledge thereof must have come to the petitioner after the confirmation. In re Mirkus et al. (C.C.A.) 289 F. 732, 31 A.L.R. 435.

■ The allegations in paragraphs 5, 6, 7, 8, 9, 10, and 11 of the petition, praying that the order of the court confirming the composition be set aside, relate to matters which would have been relevant under specifications to oppose composition, but none of them in my opinion set out fraud in the procuring of the composition.

In paragraph 4 of the petition, it is alleged that after the entry of the order confirming the composition, the petitioner discovered that fraud was knowingly practiced by the bankrupt in procuring the composition in that:

"(a) The schedules as filed by the bankrupt were false and fraudulent because they failed to disclose substantial assets consisting of accounts receivable from officers.

"(b) The schedules as filed by the bankrupt were false and fraudulent because they failed to disclose substantial assets consisting of railroad claims.

"(c) The schedules as filed by the bankrupt were false and fraudulent because they failed to disclose substantial merchandise on hand.

"(d) The schedules as filed by the bankrupt were false and fraudulent because they failed to disclose substantial cash on hand.

"(e) The bankrupt knowingly and fraudulently made a false oath in said proceedings in bankruptcy because it omitted from the schedules divers property."

There is no allegation as to what accounts receivable, what railroad claims, what merchandise, or what amount of cash the bankrupt failed to disclose in the schedules, nor is there any allegation as to what property the bankrupt omitted from its schedules. Fraud can be alleged only by stating facts which show that the false representations were made with fraudulent intent. Fraud cannot be inferred. In re Isidor Klein, Inc. (C.C.A.) 22 F.(2d) 906.

The bankrupt did set forth in its schedules that debts due it amounted to $30,445.-17; that it had stock in trade of the value of $9,562.25; that it had cash on hand amounting to $136.40. If the petitioner knew that the bankrupt had certain accounts receivable, certain merchandise, and cash on hand which it omitted from its schedules, it must have known what accounts receivable, what merchandise, and approximately the amount of money the bankrupt omitted from its schedules, and should have stated such facts in its petition. It cannot be inferred that all the bankrupt's accounts receivable, merchandise on hand, and cash on hand were not disclosed in the bankrupt's schedules. Strict rules applicable to specifications of objections to discharge apply here. There must be specific averments of fact. Petitioner contends that if required to allege specifically the assets not disclosed in bankrupt's schedules, it would be precluded from making inquiry and proof of other additional items. This contention is without merit, for if it appears that fraud was practiced as to one item only in the procuring of the composition, the knowledge of which came to the petitioner since the confirmation, the judge may set aside the confirmation. Furthermore, the petitioner should be limited in its proof to that which is alleged.

The law gives ample remedies to a creditor who objects to a composition when it is offered, and such objecting creditor, if he can sustain a specification which would prevent a discharge, can prevent a composition even if all the other creditors have consented in its favor.

The leading object of compositions is to get a going business (if it is going) out of the clutches of the law into the control of business managers who hope from it to derive profits from the conduct of a useful industry.

■ Applications to set aside compositions after they have been confirmed and acted upon, unless adequate statutory grounds exist therefor, are not and should not be favored by the courts.

The petitioner has not shown legal or proper grounds for the setting aside of the composition, and the motion to dismiss should be granted.

■ Although the petitioner bases its claim to relief upon knowledge which it says came to it subsequent to the confirmation of

the composition, the petition is verified upon information and belief, and, for that reason alone, the petition is insufficient and the motion to dismiss should be granted. In re Kass (D.C.) 263 F. 138; In re Vandeweghe (D.C.) 49 F.(2d) 939.

The motion to dismiss is granted, and the petition of Frederick Opolinsky & Son, Inc., is dismissed.