LANG (PIERCE v.).  See Case No. 11,144.

---

## Case No. 8,058.

### In re LANGDON.

[2 Lowell, 387; [1] 13 N. B. R. 60; 1 N. Y. Wkly. Dig. 365.]

District Court, D. Massachusetts.  Jan., 1875.

BANKRUPTCY—COMPOSITION BY CREDITORS — PAYMENT BY NOTES.

1. A resolution of composition, by which the creditors agree to accept payment in notes, is bad in substance.

2. Semble, that the payment may be made by instalments, which may be secured by notes.

In bankruptcy.

LOWELL, District Judge.  The resolution for composition, which appears to have been duly passed and confirmed, is bad in substance.  It is that the bankrupt pay fifty per cent of his several debts in the "notes of the said Langdon indorsed by M. L. Bidwell and P. C. Langdon, and payable in six, nine, and twelve months from the date of the passage hereof, without interest."

Judge Blatchford has decided that the statute, requiring the payment to be in money, does not mean that all the money must be paid in one sum; that the payment may be by instalments, and may be secured by such notes as the resolution may clearly designate.  I am informed that at least one other judge has taken a similar view of the

---

1 [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission. 1 N. Y. Wkly. Dig. 365, contains only a partial report.]

meaning.  I have ordered a resolution to be recorded which undertook to pay seventy per cent, in four equal instalments, the payment to be guaranteed in a certain mode agreed upon.  I do not think the statute can be worked to any great advantage, if this is not its construction; and the language used certainly admits of it.  It refers to money as contrasted with any other property.  If the payment is not to be made instantly, I see no ground for saying it may not be divided into instalments, as well as deferred for a week or a moment beyond the time actually necessary to pay the money.  In short, money does not mean cash on the nail, or on demand, but that, whenever paid, it shall be in what the law admits to be money.[2]

But this resolution is distinctly for a payment in notes, which is a very different thing; for the instant the notes were taken or tendered, the payment, according to the resolution, and especially as interpreted by the law of Massachusetts, would be complete; and certainly these notes are not money.  Notes, by the law of Massachusetts, are presumed to be accepted as payment, unless the contrary appears.  This is not the law as congress would probably understand it.  It is not so held because notes are money, but because they are supposed to be a better security than an ordinary book-account or oral promise, and may be understood to have merged or become a substitute for the less convenient security.  It is impossible to hold that this resolution provides for a payment in money.  The distinction, though nice, is important; because, if a composition is payable by instalments, and some of them are not paid, the remaining debt revives, while a payment by notes diminishes the debt itself, as soon as they are taken.  I am willing to admit that the resolution might possibly be construed to mean that the notes are only security, but that idea should be clearly expressed.  Motion to record resolution denied.

---

2 It has now been decided in the circuit court for this district, affirming the judgment of this court, that the payment may be by instalments, secured by notes.  Ex parte South Boston Iron Co. [Case No. 13,183], May term, 1876.