## In re NEGLEY, Bankrupt.[1]

*(District Court, W. D. Pennsylvania. May 14, 1884.)*

BANKRUPTCY—ACTION IN STATE COURT—INJUNCTION.

    The bankrupt court will not restrain by an injunction an action brought in the state court by a creditor seeking to recover his whole debt from a bankrupt who has effected a composition.

In Bankruptcy. *Sur* motion for an injunction to restrain proceedings at law.

On the second day of December, 1876, D. C. Negley filed his petition for adjudication in bankruptcy. Among the creditors in his schedules appeared "H. C. Kelsey, Erie, Pennsylvania, dealer in ice," for $1,500, on a promissory note dated May 1, 1876, at Pittsburgh, Pennsylvania, due November 4, 1876, drawn by the firm of Negley Bros. & Cunningham, indorsed by R. H. Negley and D. C. Negley, for ice. On the twenty-seventh day of November, 1876, suit had been brought on this note, and also on a book account, for about $66.55, at No. 1,071, December term, 1876, in the court of common pleas, No. 1, of Allegheny county, Pennsylvania, by the Erie Ice Company against Negley Bros. & Cunningham, and judgment was obtained by defendant, on December 11, 1876, for $1,575.95. On December 16, 1876, the bankrupt presented a petition for a composition under the provisions of the bankrupt law. Among the creditors named in the schedule appeared "H. C. Kelsey, Erie, Pa., $1,500." This composition was effected, but the bankrupt was unable to comply with its terms, and, on November 5, 1881, presented a petition for a meeting of creditors to vary the composition previously accepted. On the schedule presented at that meeting appeared "Kelsey, H. C., (Erie Ice Company,) Erie, Pa., $1,315.62." This meeting was held, and a composition effected. When the amount of composition was tendered to these creditors they refused to accept it, and a *scire facias* was issued on June 1, 1882, to revive the lien of the judgment at No. 1,071, December term, 1876, which is still pending. The bankrupt, there-

[1] From the Pittsburgh Legal Journal.

fore, presented his petition in this court, asking for an injunction to restrain said creditors and their counsel from further prosecuting their *scire facias* in said case.

*W. K. Jennings*, for the bankrupt.

*C. C. Dickey* and *George Shiras, Jr.*, for the creditors.

ACHESON, J. Mr. Blumenstiel, in his treatise on the Law and Practice in Bankruptcy, at page 452, says:

"If, however, the time stipulated in the resolutions for the payment of the composition has passed, the court will not restrain any action brought by a creditor who may seek to recover his whole debt, notwithstanding the settlement. The debtor, in such a case, will be left to interpose such defense by pleading the resolutions, or otherwise, as he may deem advisable."

This doctrine is reasonable, and is fully supported by the authorities cited by this author, one of which is a decision of the late Judge KETCHAM. *In re Lytle*, 14 N. B. R. 457. In the analogous case of an execution against a discharged bankrupt it is held that the bankrupt court will not interfere by injunction, (*Penny* v. *Taylor*, 10 N. B. R. 200,) nor will the bankrupt court protect, by injunction, the vendee of the bankrupt's property sold by the assignee from hostile claims. *Adams* v. *Crittenden*, 17 FED. REP. 42. In the present case it is not to be doubted that the state courts will give proper effect to the composition in bankruptcy.

And now, May 14, 1884, the motion for an injunction is dismissed without prejudice to the right of the bankrupt to set up the composition in bankruptcy by plea or otherwise.