## In re EISENBERG.

(District Court, S. D. New York. November 2, 1906.)

1. BANKRUPTCY—COMPOSITION—POWER TO SET ASIDE.
    Under Bankr. Act July 1, 1898, c. 541, § 13, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3427], a court has no power to set aside a composition after the lapse of six months from the date of its confirmation.

2. SAME—FAILURE TO FULFILL AGREEMENT.
    The fact that a bankrupt has failed to fulfill a composition agreement affords no ground for setting aside the composition, whatever its effect may be on the operation of the composition as a discharge.

In Bankruptcy. On motion to set aside order confirming a composition.

Whitridge, Butler & Rice and Mr. French, for the motion.
Severance & Stein, opposed.

HOUGH, District Judge. In January, 1904, the bankrupt offered to the creditors a composition "at 20 per cent. * * * to be paid

as follows: 10 per cent. thereof in cash, and the balance (to wit 10 per cent.) in promissory notes payable in six months and properly endorsed by Sajun & Tahelran." This composition was agreed to by the requisite number of creditors, some of whom, however, prefixed to their written consent the condition "that indorser is satisfactory." On March 27, 1905, after due proceedings, an order was entered declaring "that the said composition offered by the bankrupt herein be, and the same hereby is, in all things confirmed." Before, however, any distribution was made, either of the cash or of the notes provided for by the composition agreement, the proposed indorsers became financially embarrassed, and the attorneys for certain creditors (i. e., some of those who had made their consent to the composition conditional) served notice upon the depository having charge of the funds and the notes to make no distribution "pending investigation into facts and circumstances." It does not appear by any record herein what investigation, if any, was made; but another creditor shortly thereafter procured (after notice to all creditors) an order directing the referee, trustee, and depository "to pay out the fund consisting of cash and notes * * * under and by virtue of, and pursuant to the order" confirming the composition. The creditor, now moving to set aside the composition, took his cash payments as well as the notes. The indorsers became insolvent and absconded, and the bankrupt has not paid (at all events) the notes of the creditor now moving to set aside.

He now alleges as the substantial ground of his motion that the bankrupt falsely represented the proposed indorsers as "both solvent and responsible," although they were at the time known to him to be insolvent. It is too late for an application of this kind. Section 13 of the bankruptcy act (Act July 1, 1898, c. 541, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3427]) distinctly confines the power to set aside compositions to a period of six months. A composition in bankruptcy duly perfected undoubtedly has the effect of a discharge (In re Merriam, Fed. Cas. No. 9,479, 18 N. B. R. 411); but just as a right to a discharge is distinct from the effect thereof (In re Dresser & Co., 13 Am. Bankr. Rep. at page 637, and cases cited), so the right to a composition must be distinct from the effect of a composition. The lapse of time is a sufficient reason for sustaining the bankrupt's right to his composition; but the effect of an unfulfilled composition agreement is an entirely different matter. One may have a right to a discharge in bankruptcy, yet the discharge will not be a bar against many debts. This bankrupt has a right to maintain the existence of his composition, but the effect thereof may well depend upon proof of its fulfillment. The mere fact that in some other forum, or in a future proceeding, the failure of the bankrupt to pay the notes given in composition may be held to have revived the original debt (In re Hurst, Fed. Cas. No. 6,925, 13 N. B. R. 455), or the fact that if such holding were made this court would refuse to interfere by injunction (In re Negley [D. C.] 20 Fed. 499), affords no ground for setting aside the composition, and would have furnished no ground for so doing had the application been made within six months. A bankrupt may by his acts de-

prive himself of the benefit of a composition. He may so behave that the composition order ceases to be a shield, but that furnishes no reason why the order should be vacated in any other manner, or for any other reasons than are specified in the act.

The motion is denied