### OCEAN ACCIDENT & GUARANTEE CORPORATION, LIMITED, OF LONDON, ENGLAND, v. BECK.

(Supreme Court, Appellate Term, First Department. June 10, 1915.)

1. BANKRUPTCY ⊙⟶387—COMPOSITION—SUBSEQUENT ACTION BY CREDITOR—TENDER OF COMPROMISE PAYMENT—BURDEN OF PROOF.

     Where the assignee of a creditor, who was a party to a composition agreement between the other creditors and an insolvent, subsequently sued on the debt, the burden was upon the insolvent to prove the tender alleged by the answer to the plaintiff's assignor, or the plaintiff itself, of the proportion of the claim called for by the composition agreement.

     [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 603–605, 607–616; Dec. Dig. ⊙⟶387.]

2. BANKRUPTCY ⊙⟶387 — COMPOSITION — FAILURE OF BANKRUPT TO TENDER COMPROMISE PAYMENT—EFFECT.

     The effect of a composition agreement of creditors in releasing a debtor from their claims is conditional upon such debtor's tender of the percentage of the debts agreed to be paid under the composition, and where defendant, a former insolvent, who had made a composition, never tendered to a creditor or his assignee the cash and notes called for by the compromise, such assignee could recover the full amount of the indebtedness.

     [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 603–605, 607–616; Dec. Dig. ⊙⟶387.]

Appeal from City Court of New York, Trial Term.

Action by the Ocean Accident & Guarantee Corporation, Limited, of London, England, against Morris Beck. From a judgment in favor of defendant, dismissing its complaint upon the merits, plaintiff. appeals. Reversed, and judgment ordered for plaintiff.

⊙⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Argued May term, 1915, before GUY, LEHMAN, and WHITA-KER, JJ.

Robert H. Woody, of New York City (Norman G. Hewitt, of Brooklyn, and Robert H. Woody, of New York City, of counsel), for appellant.

Louis Dorfman, of New York City (Benjamin B. Fridman, of New York City, of counsel), for respondent.

WHITAKER, J.   The action was brought to recover the sum of $779.44, balance of agreed price and reasonable value of goods sold to the defendant by R. Siegel & Son prior to June 29, 1911.   On June 27, 1912, defendant, claiming to be unable to pay his creditors in full, entered into the following agreement with all his creditors:

"This agreement, entered into this 27th day of June, 1912, by and between Maurice Beck, of Patchogue, Long Island, party of the first part, and the undersigned, all being creditors of the said Maurice Beck, parties of the second part, as follows:

"Whereas, the party of the first part is indebted to the parties of the second herein, in amounts set opposite their names; and whereas, the party of the first part is unable to pay the claims of the parties of the second part in full:

"Now, therefore, for and in consideration of the sum of one dollar, lawful money of the United States, each to the other in hand paid, receipt whereof is hereby acknowledged, it is agreed by and between the parties hereto as follows: That the parties of the second part will accept, in full settlement, discharge, and satisfaction of their claim against the said Maurice Beck, a sum equal to 25 per cent. of their claim, payable as follows: 10 per cent. in cash payable after composition is accepted and petition dismissed, and 15 per cent. in notes payable in 90 days, same to bear a satisfactory endorsement.   It is further agreed that, upon the payment of the said Maurice Beck as aforesaid, we and each of us agree to and with each other that we will execute and deliver to the said Maurice Beck an instrument of satisfaction, releasing him from any and all liability under the claim set forth herein.

"And we, the undersigned, creditors of the said Maurice Beck, do hereby agree to and with each other that, until default be made in the payment as aforesaid, we will not harass, annoy, or interfere with the said Maurice Beck in the carrying on or transaction of his business, and not sue or cause to be sued upon the claim set forth herein; that the two petitions in bankruptcy filed herein may be dismissed without further notice to us.

"In witness whereof, we, the undersigned creditors, have hereunto set our hands and seals the day and year first above written."

On February 26, 1914, R. Siegel & Son assigned their claim to plaintiff.   It was conceded upon the trial that there was due plaintiff's assignor at the date of the composition agreement the sum of $779.44. It was also conceded that all of the creditors of the defendant signed the composition agreement, and that all the creditors except one, whose claim was in dispute, had been paid in accordance with the terms of the agreement.   It was admitted upon the trial that defendant had not complied with the terms of the composition agreement so far as plaintiff was concerned.   Defendant upon the trial expressed a willingness to comply with the terms, but made no formal tender.

On July 23, 1913, plaintiff made a written demand upon defendant to comply with the terms of the composition agreement.   Defendant failed to comply with such demand, and there is no evidence that the defendant made tender of the cash and endorsed notes.   The learned

justice of the City Court has found the following facts and conclusions of law:

"I. That the plaintiff is a foreign corporation, organized and existing under and by virtue of the laws of the kingdom of Great Britain and Ireland, with a head office for the transaction of its business in the United States at No. 59 John street, in the city and state of New York; that the plaintiff has fully complied in order to enable it to transact business, and sue and be sued in the courts of said state.

"II. That between the 25th day of August, 1910, and the 29th day of June, 1911, both dates inclusive, R. Siegel & Son, plaintiff's assignors, sold and delivered to defendant goods, wares, and merchandise for the agreed and reasonable value of $1,004.44.

"III. That the defendant paid to plaintiff's assignors $225 on account, leaving a balance due of $779.44.

"IV. That on or about the 27th day of June, 1912, plaintiff's assignors entered into an agreement with the defendant wherein, and in consideration of the premises and $1 they agreed to accept in full settlement, discharge, and satisfaction of the claim against the above-named defendant a sum equal to 25 per cent. of their claim, payable as follows: Ten per cent. in cash, payable after the composition is accepted, and 15 per cent. in notes payable in 90 days, same to bear a satisfactory indorsement.

"V. That thereafter, and on the 26th day of February, 1913, plaintiff's assignors by an instrument in writing assigned and transferred their claim against Morris Beck to the plaintiff herein.

"VI. That the defendant tendered to plaintiff's assignors the sum represented and notes as required by the said composition agreement.

"Conclusions of Law.

"I. A composition agreement entered into by creditors of a bankrupt is binding as to each subscriber thereto.

"II. One of the parties to the agreement can not subsequently enforce his original claim in an action on the contract.

"III. That the defendant is entitled to judgment, therefore, on the merits, with costs, which are hereby awarded to the defendant and against the plaintiff, to be taxed, and I hereby direct judgment accordingly."

We are unable to find any evidence in the record which sustains the sixth finding of fact as to the tender to plaintiff or its assignors.

[1] The answer alleges such a tender, and the burden was upon the defendant to prove it; but there is no evidence to sustain the allegation. Neither are we able to concur with the learned justice of the City Court in his conclusion of law, if the sixth finding is not well founded.

[2] The composition agreement was binding upon each and all of defendant's creditors, provided defendant complied with its terms and conditions. The condition upon which the reduced payment was to be received by the plaintiff's assignors in full satisfaction of its claim was never complied with by defendant, nor was there any such tender or offer of performance as would require acceptance by plaintiff or its assignors. The agreement not to sue defendant was conditioned upon defendant's fulfillment of the composition agreement. We think, under the facts disclosed upon the trial, the plaintiff is entitled to sue and recover upon the original claim.

The judgment should be reversed, with costs, and judgment ordered for plaintiff for the sum of $779.44, with interest thereon from June 27, 1912, and costs in the court below. All concur.