AMERICAN WOOLEN COMPANY, Plaintiff, *v.* SAMUEL
FRIEDMAN, Defendant.

(Municipal Court of the City of New York, Borough of Manhattan,
First District, November, 1916.)

Bankruptcy — trustee  in — composition  with  creditors — negotiable
instruments.

> Where notes given by a trustee in bankruptcy pursuant to
> an order confirming a composition with creditors are not paid,
> the original debt revives.
>
> Where, pursuant to an order confirming a composition with
> creditors of forty cents on a dollar, a creditor who did not
> consent in writing to the composition received from the trustee
> in bankruptcy a check which he cashed and also three notes
> representing twenty per cent of the terms of the composition,
> which notes were duly protested for nonpayment after present-
> ment, the creditor is entitled to recover from the bankrupt the
> balance of his account at the time he filed his petition in
> bankruptcy after giving credit for the cash received on the
> check.

ACTION upon an open account.

Hays, Hershfield & Wolf, for plaintiff.

Charles H. Herbst, for defendant.

LAUER, J.  It appears in this case that on August
10, 1915, a voluntary petition in bankruptcy was filed
by the defendant, Samuel Friedman, individually, in
the office of the clerk of the United States District
Court for the southern district of New York.  The
defendants at that time were indebted to the plain-
tiff in the sum of $635.62.  In the schedules of the
defendant, Samuel Friedman, the claim of the plaintiff
appeared in that amount.  Samuel Friedman was adju-
dicated a bankrupt and on August 27, 1915, offered a
composition to his creditors agreeing to pay forty

38

Municipal Court of New York, November, 1916.    [Vol. 97.

cents on the dollar, twenty cents thereof in cash and twenty cents thereof in indorsed notes. No consent was signed by the plaintiff but an order was made on December 28, 1915, by the United States court confirming the composition. Pursuant to this order the plaintiff received a check from the trustee in bankruptcy for $127.12 and received the cash thereon, and also received three notes representing the other twenty per cent of the terms of the composition which notes were all presented for payment, payment refused and duly protested and no money was received by the plaintiff on any of these notes.

The plaintiff sues to recover the balance after giving credit for the cash received, claiming to be entitled to recover on the open account as it existed against the defendants at the time of the filing of the petition in bankruptcy. At the trial there was a tender made by the defendant of the notes received from the bankrupt.

The defendant, Samuel Friedman, claims that pursuant to the terms of the Bankruptcy Law of 1898 the confirmation of the composition discharged the defendant. Section 144 of the Bankruptcy Law provides: "The confirmation of a composition shall discharge the bankrupt from his debts other than those agreed to be paid by the terms of the composition and those not affected by a discharge." This undoubtedly would be the law had the bankrupt lived up to the agreement and composition. The authorities seem, however, to hold that where notes are given pursuant to an order confirming a composition and the notes are not paid that the original debt revives. Lovelt. Bank. 1281, and cases there cited; *Matter of Eisenberg,* 148 Fed. Repr. 325, 326; *Matter of Kinnane Co.,* 34 Am. Bank. Rep. 119.

In the case of *Matter of Eisenberg, supra,* Judge Hough says: "A bankrupt may by his acts deprive him-

self of the benefit of a composition. He may so behave that the composition order ceases to be a shield."

In the case *Matter of Kinnane Co., supra,* the court says: " The confirmation of a composition operates as a discharge of the bankrupt, but the theory of the law is that the discharge destroys the remedy but not the indebtedness."

In the case *Matter of Leipziger,* 18 Nat. Bank. Reg. 264, which was a decision in the Court of Common Pleas, the court through its chief judge said: " The discharge does not become effective so as to discharge the petitioner from his debts until the composition notes are paid, and, if a note given to the creditor agreeing to the composition is not paid when due, he can sue for the original debt."

In the case of *Page* v. *Carton,* 64 Misc. Rep. 645, the court very aptly says: " It would create a novel situation if a debtor were able to execute his note and present it to the creditor, default in payment, and then, in answer to the creditor's claim, say the claim is paid by my notes, even though the notes were worthless. This method of relief from the payment of debt suggested by defendant's contention savors ·of Micawber in Dickens' David Copperfield, who, when pressed by his creditors, with lavish hand gave his multifarious worthless notes of hand, and then gleefully exclaimed: ' Thank goodness, that is paid.' "

The question might possibly arise as to whether or not the acceptance of notes indorsed by a third party would not constitute payment. It seems, however, that the presumption in law is that such notes are not taken in satisfaction of the original debt unless it is established by the evidence. In this case there is no evidence other than that the notes were forwarded to the plaintiff. The correct rule of law in this connection is stated by the Court of Appeals in the case of *Dibble* v.

*Richardson,* 171 N. Y. 131–138, as follows: " Where a creditor accepts the obligation of a third party for a debt contracted contemporaneously, the presumption is that it was taken in payment, and the burden of proving the contrary rests upon him who asserts it. Where, however, the obligation is received for a precedent debt, the presumption is that it was not taken in payment " and the burden of proof is shifted accordingly.

It seems to me, therefore, that the plaintiff is entitled to recover and I give judgment for the sum claimed, with interest, which amounts to $535.54.

Judgment for plaintiff.