MINNIE BECK, Respondent, *v.* WITTEMAN BROTHERS, Appellant. (Action No. 1.)

Second Department, December 20, 1918.

Pleadings — action for goods sold and delivered — defense — allegation as to receipt by plaintiff of distributive share under composition in bankruptcy by defendant — issue as to payment by bankrupt defendant of consideration for composition — common-law rule as to agreement for composition between debtors and creditors — effect of Bankruptcy Act — Bankruptcy Act, section 14c, construed — order of confirmation — evidence of deposit of consideration but not of distribution.

Where in an action for goods sold and delivered, the defendant alleges as new matter constituting a defense that he was duly adjudicated a bankrupt; that thereafter an order confirming a composition in bankruptcy was duly made and complied with by depositing the consideration, and that the same was duly distributed and the plaintiff or her assignor duly received her distributive share, and the reply denies the alleged deposit of the consideration, the distribution by the clerk and receipt by plaintiff or her assignor of her distributive share, an issue on the payment by the bankrupt of the consideration for the composition is raised which must be decided before judgment can be pronounced.

The plaintiff is chargeable with the amount of any negotiable promissory note which she received as part of the consideration for the composition, unless she produces and tenders it on the trial or subsequently accounts for it.

At common law an agreement between a debtor and more than one creditor, by which the creditors agree to discharge their claims in consideration of a partial payment, is valid, and upon performance the debtor is discharged. The rule is that if the promise to release be for a new

consideration to be performed at a future day certain, then the original right of action is suspended until that day comes. If the promise is then duly performed the right is destroyed, but if the promise is not then duly performed the right revives and the promisee has his election to sue on the original cause of action or on the new promise, unless, by the terms or the legal effect of the new contract, the new promise is itself a satisfaction and an extinction of the old one.

The effect of a composition as to the parties to it remains as it was at common law, notwithstanding the provisions of the Bankruptcy Act. A promissory consideration suspends the remedy on the original debt until the time of payment comes, and if payment be not made, then, at the election of the promisee, the original debt is revived.

The provision of section 14c of the Bankruptcy Act, that "the confirmation of a composition shall discharge the bankrupt from his debts, other than those agreed to be paid by the terms of the composition and those not affected by a discharge," may be construed to mean that the debts to to be paid by the terms of the composition shall not be discharged by the order of confirmation itself, but only by the payment of the consideration.

As a composition in bankruptcy cannot be confirmed until the consideration is deposited as directed by the court, the order of confirmation is evidence of the deposit and not of distribution which follows confirmation.

APPEAL by the defendant, Witteman Brothers, from an order of the County Court of Kings county, entered in the office of the clerk of said county on the 25th day of September, 1918.

*Frederick W. Hamberg,* for the appellant.

*Thomas A. Eager* [*Clifford Seasongood* with him on the brief], for the respondent.

BLACKMAR, J.:

The defendant has appealed from an order denying a motion for judgment on the pleadings. The appellant claims that the plea in the answer of an order confirming a composition in bankruptcy, not being controverted by the reply, entitles it to judgment.

The complaint states a cause of action for goods sold and delivered. The answer alleges, as new matter constituting a defense, that the defendant was duly adjudicated a bankrupt; that the plaintiff was listed as a creditor in the schedules; that her claim was duly proved and allowed; that thereafter

an order was duly made in the United States District Court confirming a composition in bankruptcy duly made by such bankrupt; and that defendant duly complied with the terms of said composition order by depositing the consideration of said composition in court, and the same was duly distributed by the clerk of said court and the plaintiff or her assignor duly received her distributive share. The reply is confined to a denial of the alleged deposit of the consideration in court, the distribution by the clerk, and the receipt by plaintiff or her assignor of her distributive share.

At common law an agreement between a debtor and more than one creditor, by which the creditors agree to discharge their claims in consideration of a partial payment, is valid; and upon performance the debtor is discharged. The rule is that if the promise to release be for a new consideration to be performed at a future day certain, then the original right of action is suspended until that day comes. If the promise is then duly performed the right is destroyed, but if the promise is not then duly performed the right revives and the promisee has his election to sue on the original cause of action or on the new promise, unless, by the terms or the legal effect of the new contract, the new promise is itself a satisfaction and an extinction of the old one. (*Hadley Falls National Bank* v. *May*, 29 Hun, 404; affd., 99 N. Y. 671; *Ransom* v. *Geer*, 12 Fed. Rep. 607; *Matter of Reiman and Friedlander*, 13 Nat. Bank. Reg. 128; *Matter of Leipziger*, 18 id. 264; *Matter of Hatton*, L. R. 7 Ch. App. 723; *Edwards* v. *Coombe*, L. R. 7 Com. Pleas, 519.) We do not understand that it is disputed that such is the common law. The claim is that it is so altered by the Bankruptcy Act that an order regularly and duly made, confirming a composition, discharges all provable debts notwithstanding that a part or the whole of the consideration consists in the promise of the bankrupt to pay at a future time and such promise be not kept. We do not agree with such contention, but think that the effect of the composition as to the parties to it still remains as it was at common law; that a promissory consideration suspends the remedy on the original debt until the time of payment comes, and if payment be not made, then, at the election of the promisee, the original debt is revived. The wording of the statute is:

" The confirmation of a composition shall discharge the bank-. rupt from his debts, *other than those agreed to be paid by the terms of the composition* and those not affected by a discharge." (Bankruptcy Act [30 U. S. Stat. at Large, 550], § 14, subd. c.) The language may reasonably be interpreted to mean that the debts to be paid by the terms of the composition shall not be discharged by the order of confirmation itself, but only by the payment of the . consideration. Where the law compels an unwilling creditor to accept a composition, it should not be lightly held to change the rule of the common law that it is not the promise of partial payment which discharges the debt, but the payment itself. This is the interpretation put upon the law in Loveland on Bankruptcy (p. 1281) viz.: " Where the consideration consists of negotiable paper, and the bankrupt does not fulfill his obligations and agreements in connection therewith, the creditor may recover his whole debt from the bankrupt. The confirmation of a composition does not release the bankrupt from debts agreed to be paid by the terms of the composition. If the bankrupt fails to make good his part the consideration fails and the whole debt revives." ·

We are not referred to and have not found any adjudicated case which directly and with authority decides the question, but several cases seem to affirm this doctrine. (*Matter of Negley,* 20 Fed. Rep. 499; *Matter of Carton & Co.,* 148 id. 63; *Matter of Eisenberg,* Id. 325; *Matter of Kinnane Co.,* 221 id. 762, 767.)

Unquestionably a composition agreement might be so worded, and the consideration of such a nature, that the deed itself, when given final effect by confirmation, might discharge all debts except those not affected by a discharge. But we cannot assume that the composition alleged in the answer was of such a nature. We are of the opinion that until the consideration is paid the plaintiff's debt is not discharged, and that if the bankrupt defaults in payment the plaintiff has her right of action on the original claim.

A composition cannot be confirmed until the consideration is deposited as directed by the court. (Bankruptcy Act [30 U. S. Stat. at Large, 549, 550], § 12, subd. b.) The order is, therefore, evidence of the deposit (Bankruptcy Act [30 U. S. Stat. at Large, 552], § 21, subd. f), but not of distribution,

which follows confirmation. (Bankruptcy Act [30 U. S. Stat. at Large, 550], § 12, subd. e.) The only thing, therefore, which the reply completely denies is the distribution of the consideration among the creditors and the receipt by the plaintiff or her assignee of her distributive share. The word " consideration " as used in the statute does not necessarily mean a cash payment; but as the object of the plea in the answer is to set forth a defense, we think the word " consideration " as there used means that which the bankrupt is to do or give to obtain his discharge. If it consists of promises to pay money in the future, it must mean the payment and not the promise. So interpreted, the denial in the reply raises the issue whether the bankrupt has performed his obligations under the composition agreement.

The defendant argues that assuming that part of the consideration was a negotiable promissory note which has been received by plaintiff and negotiated, the defendant might be obliged to pay twice. This apprehension is groundless, for the plaintiff is chargeable with the amount of any negotiable promissory note which she received as part of the consideration for the composition, unless she produces and tenders it on the trial or subsequently accounts for it. (*Booth* v. *Smith*, 3 Wend. 68.) On the whole, we think the pleadings raise an issue on the payment by the bankrupt of the consideration for the composition, which must be decided before judgment can be pronounced.

The order of the County Court of Kings county should be affirmed, with ten dollars costs and disbursements.

JENKS, P. J., THOMAS, RICH and KELLY, JJ., concurred.

Order of the County Court of Kings county affirmed, with ten dollars costs and disbursements.