AMERICAN CAN COMPANY, Respondent, *v.* JACOB SCHENKEL, Appellant.*

(Supreme Court, Appellate Term, First Department, January, 1920.)

Bankruptcy — composition agreement — motions and orders — judgments — **Debtor and Creditor Law, § 150.**

Where a consenting judgment creditor under the terms of a composition agreement in bankruptcy, duly confirmed, receives a certain proportion of its claim in cash and the balance in notes, only one of which has been paid, an order denying defendant's motion made under section 150 of the Debtor and Creditor Law, to cancel and discharge of record the judgment, will be reversed and the motion granted.

APPEAL by defendant from order of City Court of the city of New York, denying motion to cancel and discharge judgment.

---

* Received too late for insertion in proper place.— [REPR.

Appellate Term, First Department, January, 1920.    [Vol. 110.

Maxwell M. Schenkel (H. H. Nordlinger and Samuel H. Hofstadter, of counsel), for appellant.

Kamen & Ostertag (Sol. S. Ostertag, of counsel), for respondent.

GUY, J. In April, 1912, the plaintiff procured a judgment against the defendant in the court below for $1,155.63. In the following July defendant filed a petition in bankruptcy, and the judgment of the plaintiff was duly scheduled in the bankruptcy proceedings. In such proceedings the defendant made a composition with his creditors at thirty per cent, plaintiff consenting to such composition, and the composition agreement was confirmed by a judge of the United States District Court of the Southern District of New York, November 18, 1912. Under the terms of the composition agreement plaintiff received five per cent of its claim in cash and the balance of the thirty per cent in five notes in equal amounts. Only one of these notes was paid, leaving due under the terms of the composition agreement $231.12.

The court below denied defendant's motion (Debtor and Creditor Law, § 150) to cancel and discharge the record of plaintiff's judgment.

The Bankruptcy Act (§ 14c) provides that " the confirmation of a composition shall discharge the bankrupt from his debts, other than those agreed to be paid by the terms of the composition and those not affected by a discharge." Upon confirmation of a composition the title of the bankrupt to all his property revests in him, and if the consideration of the composition is not paid the remedy of the creditor for the recovery thereof is upon a new cause of action. *Matter of Maytag-Mason Motor Co.,* 223 Fed. Repr.

684, 686. And see *Wood & Selick* v. *Venderveer,* 55 App. Div. 549, 552; *Swartz* v. *Brown,* 135 id. 913.

It is inferable from the composition agreement set out in *Ocean Accident & Guarantee Corporation, Ltd.*, v. *Back,* 153 N. Y. Supp. 932, that the debtor was not to be released or discharged from his prior obligation until performance of the conditions of the composition. In an action by a creditor upon the original indebtedness the trial court held that the debtor had tendered payment and notes in performance of his agreement, but this court held that there was no evidence of such tender, and reversed the judgment and directed judgment for plaintiff accordingly.

Order reversed, with ten dollars costs and disbursements, and motion granted, without costs.

BIJUR and WAGNER, JJ., concur.

Order reversed, with ten dollars costs and disbursements.