Abraham Jacobs, Doing Business under the Firm Name and Style of A. Jacobs Co., Plaintiff, *v.* Abraham Fensterstock, Defendant.

Supreme Court, New York Trial Term, March, 1922.

Bankruptcy — composition — payment of creditors partly in cash and partly in notes — dishonor of notes — in action by creditor on original debt the discharge in bankruptcy is a complete defense — statutory provision that certain debts are not affected by a discharge did not render the discharge conditional on payment of notes — Bankruptcy Act, § 14(c).

The concluding words of section 14(c) of the Bankruptcy Act, "and those not affected by a discharge," relate to debts of a character which it is the policy of the statute not to discharge and were inserted in order that a discharge based upon a composition should not bring results inconsistent with other provisions of the statute which limit the class of dischargeable debts. Such words, therefore, do not render an unconditional discharge provided for by the first clause of said section 14(c) conditional.

After an order of confirmation of a composition in bankruptcy had been duly made the cash payment as well as certain notes provided for in the agreement were distributed but the notes were dishonored and remain unpaid. Neither in the offer of composition, in the order of confirmation or elsewhere was there any

statement as to the effect of a failure to pay the notes. In an action for goods sold brought by one of the composition creditors whose claim had been filed with the referee in bankruptcy the defendant pleaded as a defense his discharge in bankruptcy which plaintiff contended was as matter of law conditional on payment of the composition note and that the original debt, with interest, revived on the defendant's failure to pay the note. *Held,* that the discharge in bankruptcy was a complete defense and that a motion to set aside a verdict in favor of the plaintiff will be granted and the complaint dismissed.

MOTION to set aside verdict and for dismissal of complaint.

*Harry N. Wessel,* for plaintiff.

*Joseph, Demov & Feinstein (Jacob S. Demov,* of counsel), for defendant.

GAVEGAN, J. The action is for goods sold and delivered. The defendant pleads a discharge resulting from a composition in bankruptcy.

The composition provided for the payment of twenty per cent, ten per cent in cash and ten per cent in two notes, one for five per cent, payable two months after the date of the order of confirmation, and the other for five per cent, payable four months after the same date. Plaintiff's claim was filed with the referee in bankruptcy. No defect is asserted as to the bankruptcy proceedings, and those relating to the composition itself complied in all respects with the National Bankruptcy Act. The order of confirmation was duly made, and the ten per cent in cash, as well as the notes, were distributed.

Both notes, however, were dishonored, and remain unpaid. Neither in the offer for composition, in the order of confirmation, nor elsewhere is there any statement as to the effect of a failure to pay the notes.

Plaintiff contends that the discharge was, as a matter of law, conditioned on the payment of the notes, credit to be allowed of course for the cash payment, and that the original debt, with interest, revived on the debtor's failure to pay them.

The reported cases differ in respect to the effect of a failure to pay such notes.

Subdivision c of section 14 of the Bankruptcy Act reads: " The confirmation of a composition shall discharge the bankrupt from his debts, other than those agreed to be paid by the terms of the composition and those not affected by a discharge."

In Loveland on Bankruptcy, at page 1281, it is stated: " Where the consideration consists of negotiable paper, and the bankrupt does not fulfill his obligations and agreements in connection therewith, the creditor may recover his whole debt from the bankrupt. The confirmation of a composition does not release the bankrupt

from debts agreed to be paid by the terms of the composition. If the bankrupt fails to make good his part the consideration fails and the whole debt revives."

And at page 1264: " The statute does not declare of what the consideration must consist. Manifestly it should be of such a nature that it can be readily distributed by the judge. The most convenient form of consideration is money. But an honest debtor has no money. He has paid in all his money as well as his other property as a part of his estate. If he is required to deposit a money consideration in all cases, few compositions could be effected. In such cases he is usually dependent upon his friends."

These passages from that author have been quoted in several opinions which are favorable to plaintiff's contention as to the effect of a failure to pay notes distributed pursuant to a composition in bankruptcy. But the language quoted above from the Bankruptcy Act gives scant support to the author's view, and his reasoning is by no means applicable in all cases.

The first clause of the section provides for an unconditional discharge. The words " and those not affected by a discharge " do not render the discharge conditional. They merely relate to debts of a character which it is the policy of the act not to discharge, such, for instance, as the obligation to pay alimony or the liability for willful and malicious injury to another's property. They were inserted in order that a discharge based upon a composition should not bring results inconsistent with those other provisions which limit the class of dischargeable debts.

Though the part of the section reading " other than those agreed to be paid by the terms of the composition " seems to be equally clear in meaning and purpose, it has been variously interpreted.

In my opinion the words " his debts " clearly refer to debts which would exist if there were no proceedings for a composition. The debts of the bankrupt or the alleged bankrupt, " his debts," are discharged, excepting in so far as they are in their nature or character not dischargeable, and excepting in so far as they are agreed to be paid by the terms of the composition. Obviously it cannot be said that under the proceedings relating to a composition of 20 cents on the dollar, 100 cents on the dollar is " agreed to be paid by the terms of the composition."

But these words have been otherwise interpreted by commentators and courts.

In *Beck* v. *Witteman Bros., No. 1,* 185 App. Div. 643, 646, it is said that " The language may reasonably be interpreted to mean that the debts to be paid by the terms of the composition shall not be discharged by the order of confirmation itself, but only by

the payment of the consideration." By such statement it is meant that, where there are composition notes, it is reasonable to interpret the statute as intending that no debts will be discharged unless the composition notes are ultimately paid.

It appears, however, to be the plan of the Bankruptcy Act that the order confirming a composition shall have the effect of finally removing the debtor from the proceedings.

In the first place, provision is made so that the distribution of the consideration shall not be left to the debtor's whim. Indeed, the statute takes its distribution entirely out of his control.

Subdivisions b and e of section 12 of the Bankruptcy Act are, respectively, as follows:

" (b) An application for the confirmation of a composition may be filed in the court of bankruptcy after, but not before, it has been accepted in writing by a majority in number of all creditors whose claims have been allowed, which number must represent a majority in amount of such claims, and the consideration to be paid by the bankrupt to his creditors, and the money necessary to pay all debts which have priority and the cost of the proceedings, have been deposited in such place as shall be designated by and subject to the order of the judge."

" (e) Upon the confirmation of a composition, the consideration shall be distributed as the judge shall direct, and the case dismissed. Whenever a composition is not confirmed, the estate shall be administered in bankruptcy as herein provided."

Secondly, the debtor's estate is restored to him " and the case dismissed."

Lastly, he is discharged from " his debts," not, in the terms of the statute, conditionally, but absolutely.

It does not appear to me that the interpretation of subdivision c of section 14 so referred to in the case cited as " reasonable," is its proper interpretation.

It does not accord with the natural meaning of the language used. Furthermore, section 14 is a general section relating to discharges, and not merely to discharges resulting from a composition. Subdivision c clearly states that dischargeable debts are discharged. Rather as a precaution than from necessity it was nevertheless provided, at the same time, that debts agreed to be paid by the terms of the composition are not discharged.

The money paid in composition is not such a debt. It is paid and not merely agreed to be paid. It would be meaningless to say it is agreed to be paid and that there is no discharge as to the amount of the debts paid by such money. No one contends that. The money must be deposited before the application for the order

of confirmation is made. It is out of the control of the debtor. It is distributed as directed by such order.

What the saving clause clearly relates to is the consideration other than money. It relates to promises to pay, usually represented by notes, and, in a case like this, to the composition note indebtedness. Such composition note indebtedness is not discharged in contradistinction to " his debts," the 100 per cent of provable debts, fixed or determinable, at the time of the filing of the petition in bankruptcy, which debts are, in the simplest language, discharged.

In any event, I do not feel at liberty to follow the views expressed in the case cited, for they seem to be contrary to those expressed in *Wood & Selick* v. *Vanderveer*, 55 App. Div. 549, which has been followed by the Appellate Term in this department in a case holding squarely against the contentions of plaintiff. *American Can Co.* v. *Schenkel*, 110 Misc. Rep. 345. See, also, *Kobre Assets Corpn.* v. *Baker*, 178 App. Div. 62, 63, and *Swartz* v. *Brown*, 135 id. 913.

Plaintiff cites two other cases which are directly in point and in his favor: *American Woolen Co.* v. *Friedman*, 97 Misc. Rep. 593, in the Municipal Court, and *Page* v. *Carton*, 64 id. 645, in the City Court. They may be considered, however, as having been overruled by the case in the Appellate Term referred to above.

Other discussions favorable to plaintiff's view, but rather *dicta* than expressions of opinion necessary to the decisions rendered, will be found in the following cases: *Matter of Eisenberg*, 148 Fed. Rep. 325; *Matter of Carton & Co.*, Id. 63, and *Matter of Kinnane Co.*, 221 id. 762, 767.

In *Matter of Maytag-Mason Motor Co.*, 223 Fed. Rep. 684, views favorable to defendant are expressed.

The discussions on this subject, so far as they have come to my attention, are unsatisfactory. They fail to take into consideration the rights of those who may become creditors after the debtor resumes business, following the confirmation of a composition offered by him, and they overlook the fact that even his old creditors, those whose claims are discharged by the composition settlement, may have great concern for the success of the business so resumed.

By consenting to a composition the majority of the creditors indicate their conviction that it is to the best interest to forbear liquidating the debtor's estate. Liquidation would enable them to have the present cash equivalent of his assets applied on his debts, but, because the business has possibilities, because new interests with new capital are coming into it, or for other reasons, they may favor a composition that will enable the business to carry on.

As a result of this proceeding a large corporation, temporarily embarrassed, may resume its business, with such assets and with such relief from its liabilities as promise future success. It thus goes back into its own trade seeking the credit customarily extended to those engaged therein as a necessity to a continuation of its business. Assume that under a composition in bankruptcy it has given long term notes. Should not those who extend it credit, thus making possible the continuation of business and earnings, for the benefit of the holders of the composition notes as well as of all others concerned, have the assurance absolute that its old indebtedness has been reduced to the total of the note issue? Or should they be entrapped, if the business is again unsuccessful, and find that the assets are to be applied not merely upon the new indebtedness and the notes, but upon the new indebtedness and the old indebtedness, less the amount of the cash paid in the composition proceedings?

It is only fair that the new creditors should be allowed to deal with the debtor on the safe assumption that the total amount of its indebtedness has been reduced, as indicated by the proceedings in the bankruptcy court. Otherwise it could not obtain new credit, and the entire plan would be faulty and doomed to failure. With practically all its old indebtedness contingently outstanding, and interest charges thereon accumulating, and in view of the injurious effect of its failure, there would seldom be any promise for the future success of the debtor. With that prospect a composition would hardly be favored, excepting where the debtor's business is not to be continued, in which case the composition might be adopted as a short method of liquidation.

These observations indicate that it is by no means always in the contemplation of the parties that the failure to pay composition notes will revive the old indebtedness. I believe they also indicate the erroneous reasoning of many discussions on this subject. Debtors in bankruptcy are frequently allowed to resume business by creditors who take composition notes where, in view of the assets and the debts, it is evident that the creditors intend to accept the composition settlement in full and final payment. If they rely on the language of the statute they will find nothing to encourage any other view.

The motion to set aside the verdict for plaintiff will be granted and the complaint will be dismissed. Settle order on notice.

Ordered accordingly.