### In re MIRKUS et al.

### Petition of UNITED STATES WORSTED SALES CO., Inc.

(Circuit Court of Appeals, Second Circuit. April 9, 1923.)

No. 224.

1. Bankruptcy ☞418(1)—Effect of discharge not for determination by bankruptcy court.

The bankruptcy court alone has power to grant a discharge, but the effect of a discharge is matter for the consideration of any court to which it may be presented as a defense or otherwise.

2. Bankruptcy ☞387—Order confirming composition operates as discharge of that part of bankrupt's indebtedness not covered by the composition.

An order confirming a composition becomes in effect a discharge from all those debts which have been properly treated in the composition order, except that fraction thereof which bankrupt has agreed to pay.

3. Bankruptcy ☞384—Signing order of confirmation of composition terminates court's jurisdiction.

With the signing of an order of confirmation of a composition, the bankruptcy court loses jurisdiction, except to set the composition aside within six months for reasons stated in Bankruptcy Act, § 13 (Comp. St. § 9597).

4. Bankruptcy ☞387—Failure to pay notes given in composition does not revive original debts.

Under Bankruptcy Act, § 14c (Comp. St. § 9598), providing that confirmation of a composition shall discharge the bankrupt from his debts, "other than those agreed to be paid by the terms of the composition" where promissory notes are given as part consideration for a composition, accepted and confirmed, failure to pay such notes does not revive the original debts.

Petition to Revise Order of the District Court of the United States for the Southern District of New York.

In the matter of Harry Mirkus and Samuel Mirkus, individually and as partners trading as Mirkus Bros., bankrupts. On petition of the United States Worsted Sales Company, Inc., to revise order of District Court. Affirmed.

Against the bankrupts named above (hereinafter called "Mirkus") an involuntary petition was filed on November 12, 1920. In that proceeding, and before adjudication Mirkus made an offer of composition, which was duly

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

accepted and duly confirmed and never vacated or set aside. Said composition was for 10 per cent. cash and 20 per cent. in indorsed notes. This consideration was duly deposited in court and subsequently distributed. The 20 per cent. above mentioned was represented by four promissory notes, of which the first was duly paid. The other three, representing apparently 15 per cent. of each creditor's original claim, have never been paid.

On April 27, 1921, the present involuntary petition was filed against Mirkus and due adjudication has followed. In this proceeding the petitioner at bar filed a claim for Mirkus' original indebtedness to it as the same existed on the day of the first bankruptcy, less only 10 per cent. cash and the proceeds of the single composition note actually paid. The indebtedness of Mirkus arising between the two petitions in bankruptcy is very large and owing to numerous creditors.

The court below rejected the petitioner's claim for its original indebtedness, and restricted the same to the amount of the unpaid composition notes issued in the first bankruptcy. To the order enforcing this decision, the present petition to revise was filed.

S. J. Rawak, of New York City, for creditor petitioner.

H. & Jacob J. Lesser, of New York City, for trustee.

Before HOUGH, MANTON, and MAYER, Circuit Judges.

HOUGH, Circuit Judge (after stating the facts as above). [1] The bankruptcy court alone has the power to grant a discharge, but the effect of a discharge is matter for the consideration of any court to which it may be presented as a defense or otherwise. In re Havens (C. C. A.) 272 Fed. 975. The case at bar questions the effect of a composition agreement carried through in accordance with the statute. In substance the composition order is offered as a defense; i. e., a means of denying the right of the present petitioner to file a claim consisting of its original indebtedness. The fact that this defense or denial of right was advanced in the court below—i. e., a bankruptcy court—disguises the issue; the point would be exactly the same had this petitioner sued Mirkus on its original debt and been met with a plea of composition.

[2] Therefore consideration begins with ascertaining the nature and substance of a composition under the act of 1898. Under section 70f (Comp. St. § 9654), the property of a bankrupt revests in him by operation of law upon the confirmation of a composition, and by section 21g (Comp. St. § 9605) a certified copy of the order of confirmation shall constitute evidence of the revesting of title. Thus the order of confirmation becomes in effect a discharge and is pleaded in bar with like effect. Cumberland, etc., Co. v. De Witt, 237 U. S. 447, at page 452, 35 Sup. Ct. 636, 59 L. Ed. 1042. This citation is complete justification for the common dictum that a composition is a discharge pro tanto; i. e., the bankrupt is discharged from all those debts which have been properly treated in the composition order, except that fraction thereof which he has agreed to pay.

[3] Under section 12e (Comp. St. § 9596), upon the confirmation of a composition, "the consideration shall be distributed as the judge shall direct, and the case dismissed." Only when the composition is not confirmed shall the estate be further administered in bankruptcy; and this court has held that with the signing of the order of confirmation the bankruptcy court loses jurisdiction. In re Hollins, 238 Fed. 788,

151 C. C. A. 637. The only power left in the bankruptcy court, after signing the confirmation order, is to set the composition aside within six months, for the reasons, and only the reasons, set forth in section 13 (Comp. St. § 9597). In re Eisenberg [D. C.] 148 Fed. 325.

[4] It is now urged that a composition regular in form, not produced by fraud, wherein the consideration has been deposited and distributed as required by law, and where the original bankruptcy proceeding has accordingly been dismissed, is nevertheless imperfect and in a sense inoperative (if the consideration consist in part of promissory paper), unless promises of deferred payment are made good. It is further said that such failure to make good the promise to pay in futuro revives the original debt; i. e. the very debt that is the subject-matter of composition.

The argument in favor of this proposition has two parts: (a) That a composition is to be treated as at common law; or (b) that the true construction of the statute produces a result identical with that of the Bankruptcy Act of 1867 (14 Stat. 517). It is undoubted that at common law, where a debtor and his creditors agreed to discharge the claims of the latter in consideration of a partial payment, the debtor was only discharged upon performance; and this was true, whether the performance was to be in præsenti or futuro. The transaction was a kind of accord and satisfaction, wherefore, if satisfaction was absent, the original debt revived. But the promisee could elect whether to sue on his original cause of action or on the new contract. This is pointed out admirably in Beck v. Witteman, 185 App. Div. 643, 173 N. Y. Supp. 488, where the court expressed the opinion that this doctrine was applicable to bankruptcy compositions under the act of 1898. We have no doubt that the court intended to express the foregoing as its view of the whole matter, although the exact question was whether a plea of composition was a good bar, when it was not shown that there had been either a distribution of the consideration or an order of confirmation.

That a composition not carried out according to its terms revived the original debt under the act of 1867 is true, though it would be more accurate to say that such uncompleted composition never canceled, discharged, or barred the original debt. This was a necessary consequence of the language of that act, which as originally enacted contained no provision whatever for compositions. They came into the statute by the amendment of 1874. 18 Stat. 182. Cf. In re Scott, 15 N. B. R. 73, Fed. Cas. No. 12,519.

Under this amendment, literally construed, cash only could be the consideration of a composition; but business necessities compelled a somewhat astute construction of the statutory language so that compositions payable by installments, with the installments secured by notes, raised questions similar to the one at bar. In re Langdon, 2 Low. 387, Fed. Cas. No. 8,058. But over such compositions with deferred payments the court never lost jurisdiction. It retained, until composition had been completed in respect of payment, what Wallace, J., well called "supervisory jurisdiction," and could "enforce the composition as against creditors or as against the debtor." Ransom v.

Geer (C. C.) 12 Fed. 607. If at "any time" it appeared to the court that such composition could not "proceed without injustice or undue delay to the creditors," the court could "refuse to accept and confirm such composition or set the same aside," in which case the bankruptcy proceeded. · Act of 1874, supra. In other words, such a thing. as a confirmed composition prior to its actual fulfillment by payment was an impossibility under the act of 1867.

Under the present statute the case is wholly different, as above shown. The duty of the court is fulfilled, and the power of the court is exhausted, with the entry of the order of confirmation, and under the specific language of section 12d (Comp. St. § 9596) the judge "*shall* confirm a composition" ·if circumstances are made to appear such as existed in this matter of Mirkus under the first petition; i. e., that the debtor had made an offer of cash and notes, that the creditors were satisfied therewith, that the cash and notes had been deposited, that the matter was done in good faith, and that the bankrupt had done nothing which would "bar his discharge."

This last phrase is a powerful argument in favor of the similitude between a confirmed composition, and a discharge granted; the tests for barring discharges are identical with those barring compositions. It follows that, if the reasons against confirming a composition are the same as those against granting a discharge, the effect of avoiding such reasons for refusal is also the same. Consequently the statute, in section 1 (12), being Comp. St. § 9585b, defines discharge as meaning "*the release* of a bankrupt from all of his debts which are provable in bankruptcy, except such as are excepted by this act;" and section 14c (Comp. St. § 9598) specifically declares that the confirmation of a composition "shall *discharge* the bankrupt from his debts, other than those agreed to be paid by the terms of the composition and those not affected by a discharge."

This narrows the inquiry to asking what is meant by the phrase debts "agreed to be paid by the terms of the composition." The statute · does not say those which are actually paid in cash, but those which are "agreed to be paid;" and this is but another way of saying (especially in respect of the acceptance of promissory paper) that the agreement to pay is fulfilled by the delivery of the paper—the paper is the agreed method of paying.

The similitude between discharges and compositions is utterly destroyed, if the original debt revives upon failure to. pay promissory paper. We pay no attention to the point that in this instance the paper was indorsed, so that there was an additional consideration for the composition. It is undoubted that a discharge loses none of its efficacy if, after the time for revocation thereof has passed (section 15 [Comp. St. § 9599]), fraud is discovered which would have barred the discharge if found out in time, or that a composition loses its value if after the time for setting it aside has passed (section 13 [Comp. St. § 9597]) fraud is discovered; yet it is thoroughly set aside and held for naught by the present contention, merely by the misfortune of a second insolvency.

Finally, if the policy of the act, or perhaps the spirit of the times, be regarded, the argument for this appeal fails. It is a commonplace that the act of 1898 is far more generous to debtors than any previous bankruptcy statute; it intends to encourage a hopeful continuance in business. A failing debtor who finds sufficient favor with his creditors to effect a composition under the act is thereby, in the opinion of every business man, rehabilitated, with a markedly diminished mass of liabilities. He is encouraged to go on, to obtain new credit and incur new indebtedness. If thereafter that occurs which has occurred in this case, and the debtor finds himself unable to pay both the installments of his old indebtedness represented by composition notes, and his obligations to new and confiding creditors, it is not in accord with the spirit of the act or the business sense of business men that the property which he has accumulated on his new credit should be devoted to the payment of an indebtedness which his new creditors had good reason to believe was discharged by the earlier bankruptcy. The ruling now demanded would practically require every creditor of a person who had made a composition on time to count as a possible creditor for the full amount every one who had come into the composition.

The foregoing considerations appealed to the court in Jacobs v. Fensterstock, 118 Misc. Rep. 266, 193 N. Y. Supp. 827, and are set forth in the able opinion of Gavegan, J., on which opinion the case was affirmed in 202 App. Div. 795, 194 N. Y. Supp. 947. With the reasoning and conclusion of this decision we agree; also with the views expressed by the latter court in Wood v. Vanderveer, 55 App. Div. 549, at 552, 67 N. Y. Supp. 371.

It may be observed of certain cases cited by appellant or in the Beck Case, that In re Kinnane (D. C.) 221 Fed. 762, discusses the matter obiter with reference solely to decisions under the act of 1867. With the opinion of Mr. Loveland on this subject, contained in his work on Bankruptcy, we do not agree, and think it well treated in the opinion in the Jacobs Case. In re Carton (D. C.) 148 Fed. 63, and In re Eisenberg (D. C.) 148 Fed. 325, relate to entirely different matters; Carton to a common-law composition, and Eisenberg to an effort in substance to set aside a composition after the expiry of six months. The references there made to the question now at bar are hypothetical dicta only; that the hypothesis implied debatable legal matter is perhaps shown by this case, and the history of decisions above given.

Order affirmed, with costs.